## NAVE v. SALMON, ADM'R.

EXECUTOR AND ADMINISTRATOR.—*Employment of Attorney for Estate.*— Where an attorney has, under the employment of an executor, rendered professional service for the estate represented by such executor, and afterwards the will has been set aside, and another person has been appointed to represent the estate as administrator, he will be liable to pay for such service out of the estate.

From the Hendricks Circuit Court.

*C. C. Nave,* for appellant.

*L. M. Campbell,* for appellee.

BIDDLE, C. J. — The appellant filed a claim against the estate of. Frederick Prebster, of which the appellee was the administrator. The claim was properly entered upon the appearance docket, and was refused to be admitted by the appellee, who filed an answer against it, to which a demurrer was filed by the appellant, and correctly overruled.

The answer is good as a general denial—nothing more.

Trial by the court, and finding for the appellee.    The appellant prepared his case, and appeals.

The evidence, which is in the record, shows us that Frederick Prebster made his last will and testament, and appointed therein Elias Leach his executor.    Leach, while such executor, employed the appellant as an attorney, to bring and conduct a certain action, in the common pleas and Supreme Court, on behalf of the estate of the deceased. After the services were rendered, the will was set aside, and appellee appointed administrator of the estate.

The claim is for services rendered under the employment of Leach, and we think the evidence sustains it.    The court seems to have found against the appellant on the ground that the law was against him.    We think otherwise.    An executor has a right to employ an attorney in the management of the estate.    2 G. & H. 526, sec. 149.

The appellee, as administrator, had all the rights, and was subject to all the liabilities, of Leach as executor.    2 G. & H. 488, sec. 16.

An executor or administrator has a right to bring actions and conduct suits on behalf of the estate he represents.    2 G. & H. 527, sec. 151.    It is not to be expected that he can do so without employing an attorney and paying him out of the estate.    We think the court erred.

The judgment is reversed; cause remanded, with instructions to sustain the appellant's motion for a new trial, and for further proceedings according to this opinion.