## LONG ET AL. *v.* RODMAN ET AL.

ATTORNEY AT LAW.—*Employment of by Executor or Administrator.—Personal Liability of Latter.—Contract.*—Where an executor or administrator employs an attorney at law to transact business connected with the settlement of his decedent's estate, he will, in the absence of any special agreement by such attorney to look to such estate alone for payment, be personally liable to the latter for the value of such services.

SAME.—Where one of several co-executors or co-administrators of an estate so employs an attorney with the knowledge and consent of the others, they all become personally liable for the value of such services.

SAME.—*Waiver.*—An attorney at law, so employed, may waive his claim upon the executor or administrator personally, and hold the estate liable.

From the Jackson Circuit Court.

*D. H. Long* and *B. E. Long,* for appellants.

*J. S. Butler,* for appellees.

HOWK, J.—The appellants, as plaintiffs, sued the appellees, as defendants, in the court below, on an open account, for services alleged to have been rendered by the appellants, as attorneys at law, for and at the request of the appellees.

The complaint was in the ordinary form in such cases, and the bill of particulars, therewith filed, charged the appellees with the services of the appellants, as such attorneys, in and about a certain suit in the court below, wherein the appellees, as administrators of the estate of Thomas J. Rodman, deceased, were plaintiffs, and the personal representatives and heirs at law of Walker B. Rodman, deceased, were defendants, and wherein the amount of the plaintiffs' recovery, at the date of judgment, was thirty-one thousand five hundred and forty-four dollars and fifteen cents. The amount sued for by the appellants was five hundred dollars.

An affidavit in attachment, on the ground of the non-residence of the appellees in this State, and the proper undertaking, were filed with the complaint, and an order of attachment issued thereon to the sheriff of Jackson

county, by which he duly attached certain lands of the appellee Martha A. Rodman, but found no property of the other appellee in said county. The appellees were notified by publication of the pendency of the action.

At the proper term of the court below, the appellee William P. Butler made default, but the appellee Martha A. Rodman appeared by counsel and demurred to appellants' complaint on two grounds of objection: 1. A defect of parties defendants; and, 2. For want of sufficient facts to constitute a cause of action. This demurrer was overruled, and to this decision the appellee Martha A. Rodman excepted. She then answered in three paragraphs; the first of which was a general denial, the second was struck out on appellants' motion, and as to the third she offered no evidence on the trial.

The action as to the appellee Martha A. Rodman, being at issue on her general denial, was tried by the court below, without a jury, and a finding made for said appellee. And the appellants' written motion for a new trial having been overruled by the court below, and their exception saved to such decision, judgment was rendered on the finding in favor of the appellee Martha A. Rodman, and against the appellants, for her costs.

The only alleged error of the court below, assigned by the appellants in this court, is the overruling of their motion for a new trial. And the causes assigned for such new trial, in appellants' motion therefor, were, that the finding of the court was not sustained by sufficient evidence, and was contrary to law. A cross-error, assigned by the appellee Martha A. Rodman on the overruling of her demurrer to appellants' complaint, calls in question the sufficiency of said complaint.

As the main question in this case, in our opinion, arises as well on said appellee's cross-error as on the appellants' error, we will consider together both the error and cross-error.

The important and controlling question in this case

may be thus stated : Under the facts stated in appellants' complaint, and under the evidence on the trial of this cause in the court below, were the appellees as individuals, or merely in their fiduciary or representative character, liable to the appellants for the services mentioned in their complaint and established by the evidence ? For, that the appellants rendered the appellees valuable services, without any special contract, and that the latter availed themselves of those services, are facts so well established by the evidence, that it might almost be said there was no evidence to the contrary.

The facts of this case may be summarized as follows:

The appellants were attorneys at law, residing in Brownstown, the county-seat of Jackson county, Indiana, and, as partners, were practising their profession in the courts of that county, during the year 1872 and succeeding years. The appellees, who were non-residents of this State, were the administrators of the estate of Thomas J. Rodman, deceased. Among the assets of said estate were certain notes, amounting in the aggregate to more than thirty thousand dollars, executed by one Walker B. Rodman, in the lifetime of said decedent, to his order, and secured by mortgage on real estate in said Jackson county. In June, 1872, the mortgagor and mortgagee both being then dead, the notes and mortgage having been placed in the hands of John S. Butler, Esq., an attorney at law, then and since residing and practising his profession in the city of Louisville, Kentucky, for collection, he prepared a complaint thereon, in the names of the appellees, administrators, etc., as plaintiffs, and against the heirs at law of said Walker B. Rodman, deceased, as defendants, and sent such complaint to the appellants, to be filed in the court below. The appellants made such change in said complaint as was necessary, in order to bring the action in the court of common pleas of Jackson county, filed the complaint in the latter court, and took the necessary steps to get the defendants into court. The

cause was then continued for several terms, at and during which it was under the sole control of the appellants, until the April term, 1873, of the court below, into which it had been transferred by operation of law, when it was tried and judgment rendered in favor of the appellees as aforesaid, and for the foreclosure of said mortgage. The appellants had no special contract with the appellees, but their services were rendered at the instance of John S. Butler, Esq., the attorney of the appellees, and with the knowledge of the appellee William P. Butler, the acting administrator in the prosecution of said suit. Before and at and during the trial of the case, the appellee William P. Butler was at Brownstown, acting for the appellees, and advising and consulting with the appellants about the suit. The appellee Martha A. Rodman was not present in person at any time during the pendency of said suit at Brownstown, and the appellants were never employed directly by her; but she and her co-appellee jointly received, and had the benefit of, the appellants' services in their said joint suit.

Under these facts, as we gather them from the record, it seems very clear to us, that the appellees, as individuals, were and are jointly liable to the appellants for their services in the prosecution of said suit, to the extent of their value. It is true, that the appellees might have exempted themselves from such individual liability by special contract with the appellants, that they would file their claim for services against the decedent's estate, and would make no claim therefor against the appellees as individuals. But, in the absence of any such special contract, we hold, that the appellees were personally liable, as individuals, to the appellants, for their services in said suit.

In the 149th section of the act providing for the settlement of decedents' estates, etc., approved June 17th, 1852, it is provided, that the proper court may allow to an executor or administrator reasonable attorney's fees, where

he employs an attorney in the management of such estate. 2 R. S. 1876, p. 546. Under a fair and reasonable construction of this provision, it seems to us, that an executor or administrator may employ an attorney in the management of his decedent's estate; that, in the absence of any special agreement to the contrary, such executor or administrator will be personally liable to such attorney for his reasonable fees; that, on the payment of such reasonable attorney's fees, such executor or administrator shall be allowed therefor by the proper court; and that, in the absence of any special contract by the attorney, that he will look to the decedent's estate for his pay, as his reasonable fees are made a proper charge against such estate, such attorney may, as he may elect, enforce the collection of his reasonable fees from such executor or administrator, in his personal capacity, or he may present his claim therefor to the proper court, for allowance as a proper charge against such estate. The contracts of an executor or administrator can not be regarded as in any sense the contracts of the decedent. They are necessarily the personal contracts of the executor or administrator, and he must be held personally liable therefor, when he does not stipulate for exemption from such liability. *Willcox* v. *Smith*, 26 Barb. 316; *Bowman* v. *Tallman*, 2 Rob. N. Y. 385; *Mygatt* v. *Willcox*, 1 Lansing, 55; 3 Williams Executors, 6th Am. ed., p. 1861, note *k*.

But, while this doctrine is well supported by authority, and is, in our opinion, in strict harmony with our law, yet, inasmuch as, by the statutory provision above cited, the reasonable fees of an attorney, employed by an executor or administrator in the management of the decedent's estate, are made a proper charge against the estate, we hold, that the attorney may, in the event of the nonpayment of his fees, waive his personal claim against the executor or administrator therefor, and apply directly to the proper court for the allowance thereof, to be paid out of the estate. It was so held by this court, in effect, in

the case of *Nave* v. *Salmon*, 51 Ind. 159, where an attorney presented his claim against a decedent's estate for services rendered to a former administrator of said estate, and it was there held, that the claim was a proper charge against said estate.

In the case at bar, it is very clear, from the entire record, that the learned judge who tried the cause decided it upon the mistaken idea, that the appellees were not personally liable to the appellants for the value of their said services. In our opinion, the finding of the court below, in this cause, was not sustained by sufficient evidence, and was contrary to law; and, therefore, we hold, that the court erred in overruling the appellants' motion for a new trial. And we further hold, that the court below committed no error in overruling the appellees' demurrer to the appellants' complaint.

The judgment is reversed, at the costs of the appellee Martha A. Rodman, and the cause remanded for a new trial.

NOTE.—As one of the appellants has died since the submission of this cause, the judgment of this court therein is rendered as of the May term, 1876, at which term this cause was submitted.