LASSITER *v.* TRAVIS.

(*Nashville.* March 6, 1897.)

WILLS. *Expenses of unsuccessful contest.*

The nominated executor, who acts in good faith, is entitled to have the costs and reasonable attorney fees incurred by him in an unsuccessful effort to have the will probated, paid out of the assets of the estate, although he was a legatee and the only person interested in sustaining the will.

Cases cited: Cornwell *v.* Cornwell, 11 Hum., 487; Bennett *v.* Bradford, 1 Cold., 471; Bowden *v.* Higgs, 9 Lea, 347; Douglass *v.* Baber, 15 Lea, 655; Smith *v.* Harrison, 2 Heis., 230; John *v.* Tate, 7 Hum., 388.

---

FROM RUTHERFORD.

---

Appeal from Chancery Court of Rutherford County. WALTER S. BEARDEN, Ch.

PALMER & RIDLEY, B. L. RIDLEY, and P. MASON, for Lassiter.

McLEMORE & RICHARDSON and C. A. SHEAFE for Travis.

CALDWELL, J. Mrs. Tassey died, leaving two children—now Mrs. Lassiter and Mrs. Travis. After her death a paper writing, purporting to be her last

will and testament, was probated, in common form, in the County Court of Rutherford County. This instrument divided the property of Mrs. Tassey between her two daughters; that given to Mrs. Lassiter, who was named as executrix, being of greater value by $1,000 than that given to Mrs. Travis. In due season Mrs. Travis instituted a contest. Whereupon, the probate was set aside by the County Court, and appropriate certification was made to the Circuit Court. There an issue, of *devisavit vel non* was made up and tried, Mrs. Lassiter, the nominated executrix, appearing as proponent, and Mrs. Travis as contestant. After a mistrial, a second jury returned a verdict against the alleged will, and judgment was so entered. Subsequently, Mrs. Lassiter filed the present bill against Mrs. Travis, to charge the estate of their mother, to them descended, with the Court costs and reasonable attorney's fees, incurred by her, as the nominated executrix, in the effort to probate and sustain the alleged will. The Chancellor granted the relief sought, but the Court of Chancery Appeals reversed his decree and dismissed the bill. The latter Court found, as a fact, that Mrs. Lassiter, "in good faith, believed she had the right to propound the will for probate upon the contest;" but held, nevertheless, as a matter of law, that her bill must fail because she "was the only person in the world to be benefited by sustaining the will."

We are unable to concur in this conclusion of law ; for, to our minds, good faith, rather than pecuniary

interest, on the part of the acting executor, is the controlling question in such a case.

Being named as executrix in what seemed to be a valid will, it was the legal duty of Mrs. Lassiter to produce the instrument, if in her possession ; and, after having done that, there rested upon her the further legal duty of having the supposed will probated, or of renouncing the executorship (Pritchard on Wills & Adm'n, Sec. 30) ; and these duties were in no way affected by the fact that the will benefited her alone, in the sense that it gave her more and her sister less of their mother's estate than they would receive, respectively, in the absence of the will and as heirs at law. Pecuniary interest under a will is no disqualification for the office of executor, nor does it diminish or enlarge the duties of the person nominated to fill the office.

The complainant could undoubtedly have waived her advantage and avoided the will altogether by agreement with the defendant, they being the only persons interested in the subject matter ; but she chose not to do that, and having made that choice, as she had the right to do, her duties with respect to the supposed will were the same, in legal contemplation, as they would have been if the defendant, instead of herself, had been given the larger share.

Having elected to have the will probated in common form, as is usual, and to assume its trusts, Mrs. Lassiter was a "formal and necessary party" to the contest proceedings instituted by Mrs. Travis

(*Cornwell* v. *Cornwell*, 11 Hum., 487), and, being so brought before the Court, was compelled to propound the will, or to surrender what she "in good faith believed" to be her right, and tacitly permit an adverse decision. Since the complainant was the sole beneficiary, in the sense before explained, she undoubtedly had the right either to abandon the will when the contest began, or to propound it, as she did. She was free to pursue the one course or the other ; and her election was not at the peril of becoming personally liable for the expenses incurred, if she, in good faith, saw fit to propound the will, and failed, unavoidably, to establish it.

In propounding the will and seeking to establish it, Mrs. Lassiter was, in name and in law, acting as the representative of the supposed testatrix, and not in her own name or for herself, in a legal sense, though her action, if successful, would have resulted in her personal gain ultimately.

In *Bennett* v. *Bradford* this Court held that a nominated executor, though a beneficiary under the will, was under legal obligation to propound the will and take all proper steps, including the employment of counsel, to resist the contest and sustain the will, and that the estate, and not the interested executor, was liable for all necessary expenses incurred by him in the faithful discharge of those duties. 1 Cold., 471. It is true the will was sustained in that case, but no importance was attached to that fact.

Like charges were allowed against the estate of the supposed testator in *Bowden* v. *Higgs*, although the alleged will was not sustained. The Court, in answering the contention of contestants that such a rule would subject them "to the payment of their adversary's fees," said: "But the executor named in the will, although the jury find against its validity, is regarded by our statutes and decisions as the representative of the estate in the contest inaugurated to ascertain whether the estate is to be distributed according to the will or according to our statutes in cases of intestacy. And where proceedings are instituted and conducted in good faith, and upon reasonable grounds, to establish a will, we think the expenses incident thereto should be borne by the estate rather than by an executor named in the will, who has no pecuniary interest in the result of the contest." 9 Lea, 347.

Here the fact that the executor had no pecuniary interest in the result of the contest is mentioned, yet it is not a reason given for the decision. The controlling points are that the executor was, in law, the representative of the estate to be charged, and that he had acted in good faith.

In the later case of *Douglass* v. *Baber*, the matter of interest or no interest on the part of the executor, and the question of success or defeat in the contest, seems to have been dropped out of view and given no place in the ultimate adjudication. The language of the Court was as follows: "The

Lassiter *v.* Travis.

fees of counsel employed to sustain the will, it being the duty of the executor to support the will, this Court has held to constitute a proper allowance to be paid out of the estate, a decision which, while it may seem harsh in some cases, certainly seems proper enough in this case, where the complainants were the cause of the expense." 15 Lea, 655.

It is worthy of especial remark that all of these cases gave large effect to the fact that the nominated executor is under legal obligation to propound and support the will, and that, in doing this, he represents the estate of the alleged testator, and not himself.

In view of this obligation, and this representation, good faith is indispensable, and when it is exercised the executor is entitled to full protection, whatever the result of the contest and without reference to any pecuniary interest he may have had in it. The result and his interest are unimportant questions when good faith has been employed.

Williams, referring to the question of interest, says: "A legatee, performing the duty of an executor in proving the will, is entitled to his costs out of the estate" (1 Williams' Exrs., *330); and Redfield, referring to the result of contest, says: "But even in cases of appeal from decree of probate of will, and granting letters testamentary, and a final decree against the will, the executor will be allowed the expenses of the litigation *bona fide* incurred in attempting to support the will." 2 Red. Wills, 112.

Good faith has two aspects, the one involving an honest belief that the paper propounded is a valid will, and the other fidelity to the side of the proponent throughout the contest. The latter aspect is distinctly illustrated in *Smith* v. *Harrison*, 2 Heis., 230, and in *John* v. *Tate*, 7 Hum., 388. In those cases the Court held it to be the duty of the executor, when the will is assailed, to maintain its validity by the employment of counsel and the production of proof, and that his neglect of this duty and successful collusion with the contestants in an effort to defeat the will, afforded ample ground for a bill in equity to set aside an adverse verdict and establish the will. This doctrine is embodied in Section 359 of Pritchard on Wills and Administration.

Having acted in good faith and pursued legal methods as the nominated executor, the complainant is entitled to the relief she now seeks, notwithstanding the fact that she alone was to be pecuniarily benefited by the establishment of the supposed will.

Let the decree of the Court of Chancery Appeals be reversed and that of the Chancellor affirmed.