BAKER, EXECUTOR, v. CAUTHORN ET AL.

[No. 3,136.　Filed January 5, 1900.]

EXECUTORS AND ADMINISTRATORS.—*Liability of Estate for Acts of Executor Prior to His Qualification.—Attorney's Fees.*—An attorney at law who renders services to one named in a will as executor prior to his qualification as such, by the giving of legal advice in reference to certain of his rights and duties in connection with the trust, and in assisting in procuring the bond required of such executor, is entitled to collect his fees for such services as other claims against the estate would be collected.

From the Knox Circuit Court. *Affirmed.*

*W. A. Cullop* and *C. B. Kessinger*, for appellant.
*H. S. Cauthorn, C. E. Dailey* and *H. S. Cauthorn, Jr.*, pro se.

HENLEY, J.—Appellees are partners practicing law under the firm name and style of Cauthorn, Dailey & Cauthorn. They commenced this action by filing against the estate

of appellant's decedent their certain claim for attorneys' fees rendered said estate. The amount claimed is $100, and is charged in the claim to be as a retainer by the executor and for advice in the matter of said trust. The cause went to trial upon the issues tendered by the claim and the statutory answers, and was submitted to the court for trial without the intervention of a jury, which resulted in a finding and judgment in favor of appellees and allowing the full amount of their claim. Appellant introduced no evidence. At the proper time appellant moved for a new trial upon three grounds, that the finding of the court was contrary to law, was contrary to the evidence, and was not sustained by sufficient evidence. The overruling of appellant's motion for a new trial is the only alleged error assigned in this court. It is contended by appellant that the services rendered by appellees were to the said James E. Baker before he actually became the executor of decedent's will, and that said Baker is individually liable for the value of whatever services were so rendered, and not said estate. It is not contended that appellees were not retained, nor that the advice was not given, nor that the services were not of the value of $100, but the sole contention seems to be that because the actual work which was done occurred prior to the time appellant in fact qualified as executor; that said Baker was individually liable, and appellees had no claim against the estate which he, Baker, was representing. The facts which are wholly uncontradicted were as follows: Appellant was the husband of one Nancy L. Baker, who died testate, leaving an estate of the value of about $20,000. Appellant was named by the testatrix in her will as the executor. He consulted with appellees as to whether or not he could under the laws of this State qualify as executor, he having been at the time of his said wife's death a nonresident of the State. He was informed that he could qualify and serve as such executor. He then inquired as to the necessary bond, and was advised that he could give a surety company bond or

appellees would assist him in giving the bond if desired. Appellant employed appellees to assist him in giving the bond, which was to be in the sum of $50,000, and the evidence shows that, in appellant's application to the surety company for bond, appellees were named therein as attorneys for the estate. Appellant also at the time retained the firm of attorneys, of which appellees were the individual members, to assist him in the execution of his trust. It is not shown that appellees were ever discharged as appellant's attorneys, but it is shown by the evidence that nothing further in the way of services was required of appellees by appellant, but that they at all times held themselves ready to perform any services demanded of them, and were in a position which prevented them from accepting any employment adverse to the interests of the trust represented by appellant. The evidence is also to the effect that the services were reasonably worth to the estate the sum of $100, and there is also evidence to the effect that $100 was a reasonable fee as a retainer in this case, so that if appellees are entitled to anything under the evidence, there can be no contention as to the correctness of the amount. We think the evidence sustains the finding and judgment of the lower court; it shows that the services rendered by appellees were connected with the settlement of his decedent's estate. There was no special agreement between James E. Baker and appellees that they were to look to the estate alone for payment, hence they could if they so desired look to said James E. Baker personally for the value of such services. *Long* v. *Rodman*, 58 Ind. 58. Appellees waived the right to hold said James E. Baker personally and elected to hold the estate for the value of such services. This they had a right to do. *Long* v. *Rodman, supra.*

Section 2378 Burns 1894, provides as follows: "No executor named in the will shall interfere with the estate entrusted to him, further than to preserve the same until the

issuing of letters; but, for that purpose, he may prosecute any suit to prevent the loss of any part thereof." It has been held by the Supreme Court of this State that, contrary to the doctrine of the common law, the executor derives his power and authority over the property from the laws of the State, and not from the will itself. *Calloway* v. *Doe*, 1 Blackf. 371; *Lucas* v. *Tucker*, 17 Ind. 41. After the executor has qualified, his authority over the decedent's property reaches back to the time of the decedent's death and covers all acts done by him in the interest of his trust. *Gilkey* v. *Hamilton*, 22 Mich. 283.

Under the evidence in this case, we think the executor of the will of Nancy L. Baker could have paid the claim of appellees, and rightfully insisted upon its allowance as a credit in his settlement of the trust; not having done this, the only way open to appellees to secure payment for their services from the trust fund was to file the claim against the estate and proceed as the record shows they have done. We find no error in the record. Judgment affirmed.