## FILLINGER, ADMINISTRATOR, v. CONLEY ET AL.

[No. 20,435. Filed December 6, 1904.]

WILLS.—*Resisting Probate.*—*Powers of Executor Named in Will.*—The executor named in a will has the power, before the will is admitted to probate, to bind the testator's estate by the employment of attorneys to represent him in a suit to resist the probate of such will, since by §2766 Burns 1901, any person interested may resist the probate of any will, and the executor must be made a party.

From Vermillion Circuit Court; *Joseph M. Rabb,* Special Judge.

Claim by Hugh H. Conley and Paul H. Conley against John B. Fillinger, as administrator with the will annexed of George P. Daly, deceased, for legal services. From a judgment for plaintiffs for $500, the defendant appeals. Transferred from the Appellate Court under § 1337u Burns 1901. *Affirmed.*

*James T. Johnston, J. S. White, M. G. Rhoads* and *B. S. Aikman,* for appellant.

*Gould G. Rheuby, H. H. Conley* and *P. H. Conley,* for appellees.

GILLETT, J.—This action is based on a claim which was filed by appellees against the estate of George P. Daly, deceased, to recover the reasonable value of their services as attorneys, rendered at the request of the nominated executor of the will of said decedent, in representing said executor as a party defendant to a proceeding instituted by the heir at law to resist the probate of said will.

Appellant, by proper assignments of error, draws in question the correctness of certain conclusions of law in favor of appellees, entered upon special findings of fact.

In the brief filed on behalf of appellant it is stated by his counsel, after setting out the findings and conclusions of law, that the following is the sole legal question for consideration on this appeal: "Before a will is admitted to probate, has the person therein named as executor power to bind the testator's estate by the employment of attorneys to represent him as a defendant in a suit brought to resist the probate of the will?" As this admission impliedly concedes that the case was fully made out upon the facts, if in any circumstances the executor had power to charge the estate for services as set forth in the claim file, we may omit to make any statement of the facts found. Section 2766 Burns 1901 provides: "Any person may contest the validity of any will, or resist the probate thereof, at any time within three years after the same has been offered for probate, by filing in the circuit court of the county where the testator died, or where any part of his estate is, his allegation, in writing, verified by his affidavit, setting forth the unsoundness of mind of the testator, the undue execution of the will, that the same was executed under duress or was obtained by fraud, or any other valid objection to its validity or the probate thereof; and the executor and all

other persons beneficially interested therein shall be made defendants thereto."

Appellant's counsel contend that there can be no executor of an unproved will, and that the provision of said section relative to making the executor a party has reference to the contest of probated wills. They further call attention to the provision of the decedents' act making it lawful to appoint a special or temporary administrator pending a will contest, and to the provision of said act prohibiting an executor from interfering with an estate intrusted to him, further than to preserve it, until the issuing of letters to him (§§2378, 2393 Burns 1901), and under these sections, as well as under what they conceive to be the general law, counsel for appellant contend that an executor who has merely been nominated can not employ counsel to defend a proceeding brought to prevent the probate of his decedent's will.

Section 2765 Burns 1901 provides that if objections are filed to the admission of any will to probate before the clerk, and an affidavit is filed as required by said section, the clerk shall continue the proceeding until the succeeding term of court, "when, if the person contesting such will fails to resist the probate thereof, the judge of said court may admit such will to probate; but if such objection be made before such court, reasonable time shall be allowed to the party making the same to resist the probate of such will." In the next section, as we have seen, provision is made for a proceeding to "contest the validity of any will or resist the probate thereof." The identity of these latter words with the closing words of the preceding section is very significant. Under §2766, *supra,* there is the same limitation as to the time in which either proceeding may be brought, namely, within three years after the will has been offered for probate, although, *ex necessitate,* if the probate has taken place, no available method of attack remains except a contest. If the latter is successful, the order of pro-

bate is annulled, since the order, which is an incident, must go down with the overthrow of the instrument on which the probate is based. *Curry* v. *Bratney* (1867), 29 Ind. 195. The section last mentioned contains further evidence that it also applies to a proceeding to resist the probate of the instrument, since the section provides for the filing of an allegation in writing setting forth "the unsoundness of mind of the testator, the undue execution of the will, that it was executed under duress, or was obtained by fraud, or any other valid objection to its validity, *or the probate thereof.*" (Our italics.) The view that §2766, *supra,* applies to proceedings to prevent the probate of wills, and that §2765, *supra,* is not alone applicable thereto, is indicated by §2772 Burns 1901 which provides: "If such determination be against the validity of such will *or the competency of the proof,* the court shall *refuse* or revoke the probate thereof; but if it be in favor of the validity and due execution of such will, probate thereof shall be *admitted* or ratified." Giving special attention to the words in this section which we have italicized, it is clear that it was not the legislative purpose to make no other provision for a proceeding to resist the probate of wills than such as is found in §2765, *supra.*

The proceeding before the clerk is necessarily *ex parte.* On the other hand, it is clear that the proceeding before the court was intended to be of an adversary character, and that the party who unsuccessfully resisted the probate should be estopped by the judgment from contesting the will. *Duckworth* v. *Hibbs* (1871), 38 Ind. 78. To this end there must be a party or parties defendant, an issue, and a judgment. We find provision for these elements in the sections which follow §2765, *supra,* and, in view of the general structure of such subsequent sections, we conclude that they were intended to supplement §2765, *supra,* in the particulars mentioned. This involves the conclusion that the nominated executor was required to be made a defend-

ant, since the provision of §2766, *supra,* as to who are to be made parties defendant is general, and therefore applies to proceedings to resist the probate.

That the executor appointed by the will should be made a party in such a proceeding was, in effect, decided by this court in *McGeath* v. *Starr* (1901), 157 Ind. 320. In that case it was urged that the court which entered the order of probate should have sustained a motion subsequently made to set aside the order, on the ground that there was on file, at the time of the hearing of the evidence as to the will, and at the time of the order, objections to the probate of the instrument, together with the proper affidavit, which had been filed by the party making the motion, and that the hearing and order had been had and entered while he and his attorneys were absent, and without the knowledge of any of them. In disposing of the case, this court said: "But the appellant made one fatal omission. He failed to take any steps to bring the defendants, who were the beneficiaries under the will, and its executor into court. The mere filing of his complaint was not notice to them. * * * As no process was issued, and none of the defendants named in the complaint was brought before the court, the persons beneficially interested under the will, and the executor, were entitled to have the proof of the due execution of the will heard at any time while the court was in session. By simply filing his complaint, the appellant could not arrest the proving of the will."

Assuming that the nominated executor was required to be made a party, it is difficult to escape the conclusion that appellant was liable to pay the reasonable value of appellees' services rendered under the employment of said executor. But when we consider the point in the light of the common law and the course of adjudication in this country, it becomes absolutely clear, notwithstanding §2378, *supra,* that the judgment of the court below was authorized.

An administrator derives his whole authority from his

letters, but it is laid down by the older writers that as an executor derives his title from the will he is capable of performing many acts which are incident to the office before the will is established by probate.  Toller, Executors, *46, *154; 2 Blackstone's Comm., *507, and Chitty's note; 4 Bacon's Abr., art. executors, E. §14.

We find it laid down by Blackstone that "the executor or the administrator *durante minore aetate,* or *durante absentia,* or *cum testamento annexo,* must prove the will of the deceased: which is done either in common form, which is only upon his own oath before the ordinary or his surrogate, or *per testes,* in more solemn form of law, in case the validity of the will be disputed."  2 Blackstone's Comm., *508.  Judge Redfield says: "The executor is presumed to have the custody of the will, and he is the only person who can in the first instance properly prove the same."  3 Redfield, Wills, *8.  In *Henderson* v. *Simmons* (1858), 33 Ala. 291, 299, it was said: "It is the privilege, if not the duty, of one named as executor of a paper purporting to be a last will and testament, to propound it for probate.  If he have no knowledge or reasonable grounds on which to predicate a well-grounded suspicion against the legality of the will, and propound the paper in good faith, he but carries out the intention with which he was appointed.  Any reasonable costs and expenses incurred by him in the honest endeavor to give effect to the will, is a proper charge on the estate in his hands."  See, also, *Baker* v. *Cauthorn* (1900), 23 Ind. App. 611; *Wills* v. *Spraggins* (1847), 3 Gratt. 555; *Bradford* v. *Boudinot* (1811), 3 Wash. C. C. 122; *Lassiter* v. *Travis* (1897), 98 Tenn. 330, 39 S. W. 226; *Hazard* v. *Engs* (1882), 14 R. I. 5; *Mathis* v. *Pitman* (1891), 32 Neb. 191, 49 N. W. 182; *In re Estate of Soulard* (1897), 141 Mo. 642, 43 S. W. 617.

In holding that it was the duty of the executor to propound the paper which he supposed was the will, and that he was entitled to recover his counsel fees incurred in the

preliminary contest, the supreme court of Missouri, in the case last cited, said: "An executor represents his testator, not only in executing the will after its probate, but in having it probated. He is appointed on account of the confidence reposed in him and it is his duty to do everything necessary to carry it into execution. This duty includes that of propounding the will for probate, for it can not be executed until it has been properly adjudged to be the will of the testator. The executor acts, not only in the capacity of a trustee of the estate, but he represents the testator in carrying out his will. It is therefore clearly the duty of an executor to obtain for the will in the first instance the sanction of the law which is necessary to make it effective. In performing that duty he acts in the capacity of a representative of his testator, and should of right be reimbursed out of the estate for all expenses incurred in good faith in the discharge of this duty, whether the will be established or rejected. That the advice and services of attorneys are proper items of expense in the first probate of the will, can not reasonably be doubted."

It was held in Kentucky that although the statute made no provision for expenses, yet as a duty existed upon the part of the executor to propound the will, he should be compensated. *Phillips* v. *Phillips* (1883), 81 Ky. 328.

A number of the authorities cited above are to the effect that where the nominated executor was reasonably justified in propounding the paper as the will of the decedent, and in employing counsel to secure its probate, he should be allowed his reasonable expenses on such account, whether the contest was successful or not. In Pennsylvania and Ohio, executors incurring such expenses before their appointments are allowed therefor only in the event that they are successful, and this for the reason that the service inures to the benefit of the devisees and legatees under the will. *Scott's Estate* (1845), 9 Watts & Serg. 98; *An-*

*drews' Executors* v. *His Administrators* (1857), 7 Ohio St. 143.

Under the law of this State, and especially in view of §2378, *supra,* it is our opinion that the power of an executor before his qualification is much more limited than at common law. *Calloway* v. *Doe* (1825), 1 Blackf. 371; *Lucas* v. *Tucker* (1861), 17 Ind. 41. But we have no hesitancy in stating that those offices of necessity or of humanity which he performs before appointment should be ratified after probate, if no other objection than that of time can be urged against the manner of performance. *Pease* v. *Christman* (1902), 158 Ind. 642. See 2 Blackstone's Comm., *507.

Where, as here, the instrument is ultimately established, there appears to us to be no reason for a distinction in respect to the authority of the executor to employ necessary counsel, whether it be in a proceeding to resist the probate or in a proceeding to contest the probated will. It is not our purpose to lay down a rule which shall be so general as to be capable of a concrete application to every case of this general nature, but here, where every possible question is impliedly conceded except the one of power upon the part of the nominated executor to incur an obligation for reasonable and necessary attorney's fees in securing the probate of his testator's will, our holding must be adverse to appellant.

Judgment affirmed.