## DOAN *v.* HEROD, ADMINISTRATOR.

[No. 8,667. Filed February 27, 1914. Rehearing denied May 26, 1914. Transfer denied July 3, 1914.]

1. WILLS.—*Probate.—Duty of One Named as Executor.*—Sections 2275 and 3139 Burns 1914, Acts 1905 p. 584, §383, §2582 R. S. 1881, merely provide penalties for the concealment of a will, and do not place any obligation on one named as executor to defend the will where its probate is resisted. p. 664.

2. WILLS.—*Probate.—Parties.*—Under §3154 Burns 1914, Acts 1911 p. 325, providing that any person may contest the validity of a will, or resist the probate thereof, and that the executor and all other persons interested therein shall be made defendants, the executor is required to be made a party for the reason that he has a certain right and interest which others are bound to respect, but he may waive such right by refusal to qualify and accept the trust, or by resignation. p. 664.

3. EXECUTORS AND ADMINISTRATORS.—*Expenditures.—Probate of Will.—Expenses.*—A person nominated as executor in a paper purporting to be a will can not bind the estate for the attorney fees incurred by his attempt to probate it, although where a will has been admitted to probate, the estate is chargeable with the expense incurred by the executor in procuring its probate or in defending it against contest. p. 664.

From Probate Court of Marion County; *Frank B. Ross,* Judge.

Action by Wilson S. Doan against William Pirtle Herod, as administrator of the estate of Edward C. Dickman, deceased. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*John B. Elam, James W. Fesler* and *Harvey J. Elam,* for appellant.

*William P. Herod,* for appellee.

IBACH, J.—Charles Dammeyer was nominated executor in an instrument made by Edward C. Dickman, which purported to be his last will and testament. When this purported will was offered for probate, objections were filed, and Dammeyer, in the capacity of nominated executor, engaged appellant as attorney to secure its probate. There

was a jury trial at which many witnesses were examined and in which appellant rendered services in defense of the purported will. The verdict was that the will was invalid, because of the unsoundness of mind of the testator at the time it was made. Dammeyer and appellant believed that testator was of sound mind when the will was made, and they acted honestly and in good faith in seeking its probate. Dammeyer did not assume any personal obligation to pay appellant. Appellant filed a claim against the estate of Dickman for $1,000 attorney fees for services rendered in seeking to probate the alleged will, and set forth the facts in substance as above. To this claim a demurrer was sustained, and this ruling of the court is the sole error assigned on this appeal.

The question is, Can one named executor in a purported will, who in good faith seeks to establish it, and engages counsel to defend the validity of the will when its probate is objected to, bind the estate to pay for the services of such counsel, where the result of the probate proceedings is to declare the will invalid?

Appellant first contends that §§2275 and 3139 Burns 1914, Acts 1905 p. 584, §383, §2582 R. S. 1881, place the one named as executor in a will under the duty to attempt to have it probated. But these statutes merely provide penalties for the concealment of a will, and do not place any obligation upon one named as executor to defend it where its probate is resisted. Under §3154 Burns 1914, Acts 1911 p. 325, it is held that the executor must be made a party defendant, when a will is contested. *Fillinger* v. *Conley* (1904), 163 Ind. 584, 72 N. E. 597. The reason for this is that the executor has a certain right and interest created by the will which others are bound to respect, but which nevertheless impose upon him no legal obligation to act. Having been named in the will as such, no other can claim the right or privilege to act as executor while he is willing and able,

but on the other hand, he may refuse to accept the trust, and fail to qualify or he may at any time resign his duties as executor and refuse to carry them out. §§2737-2739 Burns 1914, §§2222-2224 R. S. 1881. Appellant relies largely upon the cases of *Nave* v. *Salmon* (1875), 51 Ind. 159, and *Fillinger* v. *Conley, supra.* In the former it is held that after the will has been probated, and the executor has qualified, the counsel employed by the executor to defend the will in a contest must be paid by the estate, although the result of the contest is to declare the will invalid, for the reason that the executor is the official representative of the estate, with power to bind it. In the latter case it is held that where the executor named in a will engages counsel to resist objections filed to its probate, and the will is held valid, the estate must pay the attorney fees, for the reason that the services rendered inured to the benefit of the estate and of the beneficiaries under the will. The court, however, confined its holding to the precise state of facts before it, and said, after a review of many authorities: ''A number of the authorities cited above are to the effect that where the nominated executor was reasonably justified in propounding the paper as the will of the decedent, and in employing counsel to secure its probate, he should be allowed his reasonable expenses on such account, whether the contest was successful or not. In Pennsylvania and Ohio, executors incurring such expenses before their appointments are allowed therefor only in the event that they are successful, and this for the reason that the service inures to the benefit of the devisees and legatees under the will. * * * Under the law of this State, and especially in view of §2378, *supra,* [§2740 Burns 1914, §2225 R. S. 1881] it is our opinion that the power of an executor before his qualification is much more limited than at common law. * * * But we have no hesitancy in stating that those offices of necessity or of humanity which he performs before appointment should be ratified after probate, if no

other objection than that of time can be urged against the manner of performance. * * * Where, as here, the instrument is ultimately established, there appears to us to be no reason for a distinction in respect to the authority of the executor to employ necessary counsel, whether it be in a proceeding to resist the probate or in a proceeding to contest the probated will."

In the present case the facts differ from either *Nave* v. *Salmon, supra,* or *Fillinger* v. *Conley, supra,* and the reasons given by the court for allowing fees in those cases fail. The executor not having qualified, and no letters testamentary having been issued to him, he was not the official representative of the estate, with power to bind it as an officer of the court. The will having been found invalid, the services rendered in its defense did not inure to the benefit of the beneficiaries named therein. In spite of these facts appellant asserts that services were rendered to the estate, in that all matters relating to it were thoroughly investigated, and also argues that the executor should have the same right to bind the estate for counsel fees expended in defending a will before probate as he has after probate, if he acts in good faith. This latter contention is supported from authorities where the duties of an executor are those imposed by the common law, but the rights and powers of an executor at common law are much greater than under our statutes.

Appellee relies very largely upon the case of *Dodd* v. *Anderson* (1910), 197 N. Y. 466, 90 N. E. 1137, 27 L. R. A. (N. S.) 336, 18 Ann. Cas. 738. In that case the plaintiff, in the effort to carry out the wishes of his deceased uncle, decided to accept the office of executor for which he had been named, and not only offered for probate the paper purporting to be a will, but waged an active, prolonged and expensive contest to establish its validity, and in so doing personally bound himself for counsel fees. The reasoning of the court in that case is so cogent and convincing, that we adopt the following extract from the opinion, without

further comment, as a part of our holding. ''The theory upon which the complaint has been sustained in the courts below is that a person who is named executor in a paper purporting to be a will should not be compelled to decide in advance whether he will renounce the trust which has been reposed in him, or accept it at the risk of being charged with the costs and expenses of a contest if the paper is judicially declared to be invalid as a will; that when he acts in good faith and with due diligence his fidelity to duty should not be rewarded with pecuniary loss; that the attempt to probate the will is for the benefit of the estate, being made either upon the express or implied direction of the testator and implying a correlative promise that the estate shall reimburse the executor for all necessary or reasonable expenditures made or obligations incurred in that behalf. The argument is indeed persuasive; but is it sound? That it is not without the support of respectable authority must be conceded. *Taylor* v. *Minor* [1890], 90 Ky. 544 [14 S. W. 544] ; *Lassiter* v. *Travis* [1897], 98 Tenn. 330 [39 S. W. 226] ; *Phillips* v. *Phillips* [1883], 81 Ky. 328; *Hazard* v. *Engs* [1882]; 14 R. I. 5; 2 Woerner, Am. Law of Administration [2d ed.] §518; *Henderson* v. *Simmons* [1858], 33 Ala. 291 [70 Am. Dec. 590]. But these authorities are based upon assumptions which we believe to be fundamentally fallacious. They are necessarily predicated upon the theory that one who in good faith offers for probate a paper purporting to be a will, acts for the benefit of the estate, and thus becomes legally entitled to reimbursement for his expenditures necessarily or reasonably incurred. That is a theory, however, which is utterly irreconcilable with certain elementary principles which underlie the laws relating to the administration of decedents' estates. Since these principles are established beyond dispute they may be most succinctly stated in the form of legal aphorisms. 1. There can be no executor where there is no will. 2. Unless a will is admitted to probate there can be no letters testamentary.

3. Until letters testamentary or of administration are issued upon the estate of a decedent there is no legal representative of the estate. 4. Although a person is nominated as executor in a paper purporting to be a will, he is under no legal obligation to accept. As a will is the only source of an executor's power, and letters testamentary are the only evidence of his authority *(Hartnett* v. *Wandell* [1875], 60 N. Y. 346 [19 Am. Rep. 194]), it must follow that when the former is never established and the latter are never issued, he who assumes to act as executor is merely a volunteer who has assumed the risk of having his acts repudiated by the courts of competent jurisdiction. It may be admitted that one who is named as executor and desires to qualify, rests under a moral obligation to offer the putative will for probate, but it is not an imperative legal duty. That may be done by a devisee, legatee, creditor or any other person interested in the estate [Compare §3135 Burns 1914, §2579 R. S. 1881]. * * * When a person who is named as executor in such a paper offers it for probate and is met with a contest, he has before him two alternatives either of which he may adopt. He may cast the burden of the contest upon those who are to be benefited by the probate of the paper, or he may assume the burden himself. If he pursues the latter course he must be deemed to act with knowledge of the well-established legal rule that even a *de jure* executor can not bind the estate which he represents by any contract of his own making, and that any liability which he incurs or expenditure which he makes under such a contract, is regarded as his personal obligation until it has been allowed to him upon the judicial settlement of his accounts. * * * If one who is actually an executor under a valid will cannot bind the estate by his executory contracts, we are at a loss to know upon what theory it can be done by one who assumes to act under a paper which is never admitted to probate as a will. When, upon his own responsibility, he joins issue

with the contestants of the paper which he offers for probate, he must be deemed to do so with the knowledge that he may be beaten in the contest. This responsibility and risk he may avoid, as we have seen, by transferring the burden of the contest to those who are beneficially interested in procuring probate, or by demanding indemnity from them. His neglect to protect himself by either of these safeguards must logically result in his personal liability for any pecuniary obligations which he creates. When a contest, entered into under such circumstances, results adversely to him, he alone is legally answerable to those whom he has employed to fight his battle. This may appear to be a harsh result, but it is inevitable under the law as it stands. Any other rule would be clearly unjust and equally harsh, for it would cast the financial burden of a contest upon those who win it. Under such a system an heir or distributee might establish his right to the estate only to realize that it had been heavily charged or entirely absorbed by the putative executor's fruitless attempt to establish a will. If we assume that, under the rule charging executors with personal liability upon their contracts made in unsuccessful attempts to procure probate of alleged wills, many persons who are named as executors will decline to serve, it is equally fair to assume that if the contesting heirs or distributees of estates must purchase success at the cost of paying the lawyers on both sides of the controversy, few will be found who have the courage or the resources to contest illegal wills. When these two opposing rules are measured by the test of reason, it will be seen that when one who is named as executor is confronted with a contest he may, without loss to himself, place the responsibility upon those who will be benefited if the paper is admitted to probate as a will. But those who contest the probate stand upon different ground. They cannot avoid the contest without relinquishing that which may rightfully belong to them. We are, therefore, inclined to think that

every consideration of expediency, no less than the logic of the settled law relating to the administration of decedents' estates, requires us to hold that one who makes an unsuccessful attempt to procure probate of an alleged will cannot charge the expenditures incurred by him against the estate. This view has been adopted in a number of cases in sister states. *Brown* v. *Vinyard* [1831], Bailey Eq. (S. C.) *460; *Andrew's Exrs.* v. *His Administrators* [1857], 7 Ohio St. 143; *Brown* v. *Eggleston* [1885], 53 Conn. 110 [2 Atl. 321]; *Koppenhaffer* v. *Isaacs* [1838], 7 Watts (Pa.) 170; *Yerke's Appeal* [1882], 99 Pa. St. 401; *Royer's Appeal* [1850], 13 Pa. St. 569; *Kelly* v. *Davis* [1859], 37 Miss. 76; *Moyer* v. *Swygart* [1888], 125 Ill. 262 [17 N. E. 450]. * * * When once a will has been admitted to probate and the executor named in it has qualified under it, he stands in a different relation to the estates and to the public than one who offers a paper for probate without knowing whether it will be accepted or not. In the former case, what was at first simply a moral right has ripened into a legal duty, and the executor, as the legal representative of the estate, is bound to employ all fair means to sustain the will under which he has been granted letters testamentary. In the performance of that duty the executor may incur obligations, which, although purely personal in their inception, are regarded as equitably chargeable upon the estate, and for that reason are allowed to the executor when he presents his accounts for judicial settlement. That is the distinction, it seems to us, between a case in which a will is admitted although subsequently revoked, and one where a paper purporting to be a will is never admitted to probate because the court of first instance has held it to be invalid.''

We are of the opinion that the trial court committed no error, and the judgment is affirmed.

NOTE.—Reported in 104 N. E. 385. As to general principle controlling right to contest wills, see 130 Am. St. 187. As to who may

oppose probate, see 68 Am. Dec. 447. As to the right of the person named as executor in a will to recover from the estate money expended in an unsuccessful attempt to sustain the will, see 18 Ann. Cas. 741. See, also, under (1) 40 Cyc. 1226; (2) 40 Cyc. 1262; (3) 40 Cyc. 1366; 18 Cyc. 1139, 249.