In the Matter of the Judicial Settlement of the Account of Proceedings of FRANCES W. TYSEN and Others, as Executors and Trustees under the Last Will and Testament and Codicils Thereto of DAVID J. TYSEN, Deceased. HENRY H. NUTT, as Executor and Trustee, etc., of DAVID J. TYSEN, Deceased, Appellant; MARION TYSEN NUTT and Others, Respondents.—Although the question is not entirely free from doubt, especially in view of the nature of the estate, the court is in accord with the view of the learned surrogate that the will indicates an intent to create an equitable conversion of the residuary estate. However, the court cannot presently affirm the determination that Henry H. Nutt should be removed as executor and trustee. Representatives are removed, not to punish them, but to prevent waste. Failure of a trustee to pay an obligation to the estate is not, of itself, sufficient to require a removal. The handling of this estate was a family affair. The building of the golf course was an experiment encouraged by the testator in his lifetime. He had loaned money for that purpose to Henry H. Nutt, his son-in-law, in whom he seemed to have confidence. The widow and two daughters, beneficiaries to the extent of almost three-fourths of the estate, do not wish Nutt removed, and have forgiven his indebtedness to the estate as far as they are concerned. During the hearing, even the objector did not urge removal. It was first suggested by the surrogate. The first opinion of the surrogate did not direct the removal. It was not until a supplementary opinion was written that the removal was ordered, without a proceeding for that purpose. (*Matter of De Beixedon*, 262 N. Y. 168.) There are circumstances which indicate that Henry H. Nutt was not a person unfit to hold the office of executor and trustee. There does not seem to have been

any criticism of his management of the estate, other than that developed upon the hearing because of the non-payment of the rent for the golf course and a few minor items. Were the estate ready for distribution, the objector would be entitled to her share. In a few years, by consent of the parties interested, there may be a partition. In order that the court may be fully advised of the facts concerning the failure of the executor and trustee, Henry H. Nutt, to pay rent for the golf course, the matter is referred to Hon. Norman S. Dike, official referee, to take testimony of any and all relevant facts concerning the relations of the parties, the development and management of the golf course, and any and all reasons, explanations and excuses that the executor-trustee may present for not having paid the rent, and any other facts which will assist in determining the fitness of Henry H. Nutt to remain as a representative of the estate, and to report thereon with his opinion. Upon the coming in of the report, determination will be made thereon, as well as on the amount of the surcharge. The allowance to objector's counsel was fair and reasonable, and the order granting it is affirmed, without costs. In view of the foregoing, the appeal from the resettled order denying a motion for a rehearing in the matter of the removal of Henry H. Nutt, as executor and trustee, is dismissed, without costs. Lazansky, P. J., Young, Carswell and Scudder, JJ., concur; Hagarty, J., not voting.