In the Matter of the Estate of CHARLES ROSENBERG, Deceased.

Surrogate's Court, Richmond County, November 29, 1937.

*Alfred Ekelman*, for Jacob Rosenberg, Robert Rosenberg, Ethel Mayer, Roslyn Isaacs and Bella H. Roseno, as *cestuis que trustent* under the will of deceased.

*Henry A. Blumenthal* and *Albert C. Fach*, for the fiduciaries.

*Stanley J. Mayer*, for the intervenors.

SMITH, S.   The petitioners invoke the provisions of subdivisions 2 and 3 of section 99 of the Surrogate's Court Act for the removal and surcharge of the respondents as executors of and trustees under the will of Charles Rosenberg, deceased.

A referee was appointed to hear and report the testimony on the issues raised by the petition and answer, and the matter is now before the court upon motion and cross-motion upon the pleadings, testimony and referee's report.

The principal charges made against the fiduciaries are:

1. That said fiduciaries illegally, partly out of principal and partly out of income, erected apartment buildings on land owned by the estate and that the operation of such improvements resulted in loss to the estate.

2. That said fiduciaries illegally paid to Morton Rosenberg $5,000 in reimbursement for counsel fees expended by him in justifying his claim of a copartnership interest in the decedent's business.

3. That said fiduciaries illegally paid to themselves commissions.

The other reasons alleged for removal are set forth in the referee's report, but, with the exception of the allegation of insolvency of Dorothy Hyams, are so intermingled with the principal charges hereinbefore mentioned that a determination in relation to the principal charges disposes of the others.

As to the first charge:

I determine that the will does not provide for use of principal of estate for the purpose of erection of buildings. The authority was only for the use of income for that purpose, and the authority for the retention of income was found to be illegal by decree of this court on February 3, 1922. The buildings, therefore, erected by the respondents at Richmond terrace, New Brighton, Staten Island, and on East One Hundred and Seventy-second street, Bronx county, were erected without authority, and, although erected from the use of principal only and in good faith, yet in the event of a loss the fiduciaries are chargeable and the estate shall be reimbursed. (*Delafield* v. *Barret*, 270 N. Y. 43, at p. 49.)

The Richmond terrace building was completed on September 27, 1923, at a cost of $47,092.46, and the building on One Hundred and Seventy-second street was completed on July 20, 1925, at a cost of $193,334.26, and refrigeration was afterwards added at a cost of $5,284.34.

All of the children of the decedent had notice of the erection of the Richmond terrace building before the same was built.

All of the children of children of the decedent, except Ethel B. Mayer and Belle H. Roseno, had notice of the proposed erection of the apartment house at No. 956 East One Hundred and Seventy-second street, Bronx, before it was built, and none of said children expressly disapproved of the erection of either building except Arnold Rosenberg, who objected to the erection of the building at No. 956 East One Hundred and Seventy-second street, and none of

said children other than the respondents were informed of the cost of either building prior to 1927. All of the children accepted the rents from said building, which were fully disclosed to them.

Objections to the expenditure of the estate's money in the erection of said buildings were filed by Jacob Rosenberg and Ethel B. Mayer on September 3, 1929. Additional objections were filed on June 30, 1932, and Ethel B. Mayer and six other children of the decedent filed objections thereto on March 31, 1933.

I am of the opinion that no sufficient ratification of the acts of the fiduciaries was made by the distributees or the *cestuis que trustent*, and the holding in *Adair* v. *Brimmer* (74 N. Y. 539), that the fact that the ratification must be clearly proven and that it must be shown that the ratification was made with a full knowledge of all of the material particulars and circumstances, was not established.

In any event, the intervenors are not barred, although they can only benefit ultimately when their present or conditional or contingent interest becomes actual and unconditional. (*Matter of Hall*, 164 N. Y. 196, 201.)

As to the second charge:

The referee finds that the claim of the petitioners that Morton Rosenberg paid to his attorneys who represented him personally on litigation involving the estate certain sums of money, and that subsequently he was reimbursed by the trustees in the sum of $5,000 of the amount paid.

In *Matter of Dutcher* (251 App. Div. 184 [2d Dept. 1937]) the court said: " It is true that a representative of an estate will not be allowed to saddle upon the estate the cost of defending litigation against him in his representative capacity when the result will inure solely to the personal benefit of the representative as a beneficiary " (p. 185). The respondent Morton Rosenberg should be surcharged with the sum of $5,000, with interest thereon from the time of payment.

As to the third charge, that the fiduciaries illegally paid to themselves commissions. This matter and the matter of the foreclosure costs paid by the estate on the foreclosure of the " Luxor " mortgage should properly be reserved for the accounting proceeding now pending.

I find that the respondent Dorothy R. Hyams is not insolvent.

I also find that the respondents violated paragraph XII of the will of the decedent by exceeding their powers of investment and could be removed under subdivision 2 of section 99 of the Surrogate's Court Act, and that the good faith of the respondents is entirely immaterial, but it appears from the testimony of a former

surrogate of this county that he advised the fiduciaries that they had the authority to erect the Richmond terrace building, and it would naturally follow that if the said fiduciaries had the authority at one place they would have it anywhere, and that such advice was in the nature of an informal construction of their powers under said will, and as it was stated in the decision in *Matter of Tysen* (245 App. Div. 845 [2d Dept.]) that fiduciaries are removed not to punish but to preserve, and as a bond may be required from an executor as a condition for not revoking letters testamentary (*Matter of Wischmann*, 80 App. Div. 520 [2d Dept.]), I decline to remove the fiduciaries, upon condition, however, that they at once execute and file a surety bond in the matter of said estate in the sum of $150,000 and at once proceed to complete the accounting proceedings now pending, and further to account for their acts from the date of the prior accounting to date.

In said accounting proceedings the respondents Morton Rosenberg and Dorothy R. Hyams are to be severally surcharged with the sum of $245,711.06, with interest thereon at the rate of four per centum per annum on the sum of $47,092.46 from September 27, 1923, and on the sum of $198,618.60 from July 20, 1925, less the amount of net rents received from the Richmond terrace and the One Hundred and Seventy-second street properties from time of erection of the buildings thereon, and upon the eventual sale of said properties there shall be credited upon such surcharge the net amount received from such sales and the future rents received, after first deducting therefrom the appraised value of the land, belonging to said estate, upon which said buildings are erected.

Said fiduciaries are also forbidden to pay any part of said estate, to which they would otherwise be entitled as their distributive parts, to themselves as individuals until a decree is entered upon the accounting proceedings showing that they are entitled thereto.

Cost and expenses of the reference and costs and expenses of the proceeding to be paid out of the estate. Enter decree accordingly.