Mrs. Louise Nicholas, Guardian of Mrs. Katie L. Wright,

*v.*

Estate of Mrs. Katie L. Wright.

(*Jackson,* April Term, 1958.)

Opinion filed March 12, 1959.

Lowell W. Taylor, Memphis, for petitioner.

John M. Drane, Newbern, John S. Montedonico, William G. Boone, Jr., Canale, Glankler, Montedonico, Boone & Loch, Memphis, for respondent.

534

Mr. Justice Tomlinson delivered the opinion of the Court.

This Court denied the petition of Mrs. Nicholas for *certiorari,* but filed no opinion. So, Mrs. Nicholas files a petition to rehear, wherein she reiterates her concern over an allegedly erroneous finding of the Court of Appeals. This finding was made as a part of that Court's overall statement of the case. But, inasmuch as the merits or demerits of Mrs. Nicholas' contentions with reference to this finding played no part in the action of this Court in denying the petition for *certiorari,* it will be unnecessary, in responding to this petition to rehear, to further notice that finding. The question presented for decision is simple, and free of natural complications.

Mrs. Nicholas, Mrs. Prothoro and General Cates are beneficiaries of the estate of Mrs. Katie L. Wright, deceased. Mrs. Prothoro and General Cates asserted in legal proceedings that Mrs. Nicholas owed a large debt to that estate for the reasons mentioned in their pleadings. Mrs. Nicholas denied this for the reasons stated in her pleadings. After a protracted litigation, Mrs. Nicholas was successful in procuring an adjudication that she was not obligated to pay Mrs. Wright's estate the money in question.

In that contest Mrs. Nicholas was represented by an attorney. His every effort in the litigation was aimed at preventing the estate of Mrs. Wright from procuring any money from Mrs. Nicholas based on the claim of Mrs. Prothoro and General Cates. His professional services in that litigation were solely for the personal benefit of Mrs. Nicholas. The question here is whether the estate of Mrs. Wright should be charged with the fee earned by this attorney in rendering those services, as Mrs. Nicholas insists, or the contrary, as held by the Chancellor and the Court of Appeals.

Mrs. Nicholas seeks to justify her insistence (1) upon the fact that Mrs. Nicholas was the court appointed guardian of Mrs. Wright for approximately two or more years before Mrs. Wright's death in 1953; and (2) after the death of Mrs. Wright, it became her duty to make settlement as guardian. It was in that proceedings that Mrs. Prothoro and General Cates asserted it to be a fact that Mrs. Nicholas owed this debt to Mrs. Wright's estate for moneys of Mrs. Wright which admittedly had come into her hands; and (3) because the contest between these beneficiaries, individually, as to that claim was fought out in that legal arena, it is insisted that the services were rendered to Mrs. Nicholas in her capacity as guardian in the making of her settlement rather than in her individual capacity; hence, that the estate should pay this fee. Here it is incidentally appropriate to observe that the Court is to be controlled as to its conclusion by the substance of the question, rather than by the arena in which it arose. In support of her insistence, Mrs. Nicholas relies upon *Lassiter v. Travis,* 98 Tenn. 330, 39 S.W. 226. One of the members of the Court of

Appeals likewise considered that case controlling in her favor.

In *Lassiter v. Travis,* a Mrs. Tassey left a paperwriting purporting to be her will. Therein the property given to her daughter, Mrs. Lassiter, was more valuable by a thousand dollars than that given her daughter, Mrs. Travis. These two were her sole heirs. This will *nominated* Mrs. Lassiter executrix. Her efforts to probate this will were defeated by Mrs. Travis in a will contest instituted by Mrs. Travis. Upon what ground the will was defeated does not appear.

In a subsequent suit wherein was involved the question of whether the estate of this mother should pay the fee of the attorney representing the *nominated* executrix in her efforts to probate this will, it was held that this fee was the debt of the estate rather than the personal debt of Mrs. Lassiter, and the fact that Mrs. Lassiter would have been favored in the distribution of the estate by $1,000 more than Mrs. Travis, had she been successful in probating the will, was adjudged immaterial.

That case differs fundamentally from the case at bar, in that the services of the attorney in the case at bar were directed entirely to accomplishing defeat of a debt asserted in behalf of the estate against Mrs. Nicholas personally. To the contrary, in *Lassiter v. Travis,* the services of the attorney were rendered in an effort, at the behest of the *nominated* executrix, to probate the purported will in her possession and in which purported will she was *nominated* executrix.

In holding that the estate should pay this fee, the Court said (98 Tenn. 330, 39 S.W. 226),—"being named

as executrix * * * it was the legal duty of Mrs. Lassiter''
to seek its probate, and that in so doing she was ''acting
as a representative of the supposed testatrix, and not in
her own name or for herself in a legal sense''. The Court
referred to the case of *Bennett v. Bradford,* 41 Tenn. 471,
with the statement that a *''nominated* executor * * *
was under legal obligation to propound the will and
take all proper steps, including the employment of coun-
sel, to resist the contest and sustain the will''. (Empha-
sis added.)

The difference between that case and the one at bar is
clearly reflected by this statement in *Lassiter v. Travis:*

"It is worthy of especial remark that *all of these
cases gave large effect to the fact that the nominated
executor is under legal obligation to propound and
support the will,* and that in doing this he represents
the estate of the alleged testator and not himself."
(Emphasis added.)

In the case at bar the Court is unable to conjure up any
reason in justification of a conclusion that the attorney
represented Mrs. Nicholas as guardian rather than in-
dividually when seeking to prevent the decedent's estate
from collecting money alleged to have been owed it by
the individual who happened to be guardian.

With utmost deference to the minority opinion of the
Court of Appeals and to the attorney representing Mrs.
Nicholas in this matter, this Court feels compelled to
conclude that *Lassiter v. Travis, supra,* is not at all in
point.

This contest was in reality a contest solely between
beneficiaries directly interested. There was no possi-

bility of the services of Mrs. Nicholas' attorney in that contest being of a benefit of any character to the estate of Mrs. Wright. Nor was it so intended, the intentions bring to defeat the claim made in behalf of the estate. There is, we think, no reasonable basis for charging the estate with payment for services of that kind.

While we do not find in the Tennessee decisions a carbon copy of the question made here, we do find that there runs through the Tennessee decisions which touch upon related questions the thought that services of this character cannot be charged to the estate against whose interest those services were rendered. Read *Tramell v. Tramell,* 162 Tenn. 1, 35, 32 S.W.2d 1025, 35 S.W.2d 574; *Gilpin v. Burrage,* 188 Tenn. 80, 89, 95, 216 S.W.2d 732; *Davis v. Mitchell,* 27 Tenn.App. 182, 247, 178 S.W. 2d 889.

The estate of Mrs. Wright does cite two cases from other jurisdictions which are almost carbon copies of our question. They are the Kentucky case of *Trevathan's Ex'r v. Dees' Ex'rs,* 221 Ky. 396, 298 S.W. 975, and the New York case of *In re Rosenberg's Will,* 165 Misc. 92, 2 N.Y.S.2d 300.

The Court held in the Kentucky case that:

"It is the rule that where the services of an attorney are rendered to advance the interest of the executor in his individual capacity, and not in his representative capacity, the executor should not be allowed a fee for * * * such services so rendered." (221 Ky. 396, 298 S.W. 982.)

And in the New York case this:

"It is true that a representative of an estate will not be allowed to saddle upon the estate the cost of defending litigation against him in his representative capacity when the result will inure solely to the personal benefit of the representative or a beneficiary." (165 Misc. 92, 2 N.Y.S.2d 302.)

It is this Court's opinion that the Chancellor and the Court of Appeals were correct in holding that the estate of Mrs. Wright is not chargeable with payment of the attorney's fee in question here.

Petition to rehear is denied.