NOAH W. CHEEVER ET AL., RELATORS v. THE CIRCUIT JUDGE FOR WASHTENAW COUNTY.

*Executors may appeal from refusal of probate.*

Executors under a will which gives them exclusive powers and trusts, and provides for unborn heirs, may appeal from its disallowance though all the beneficiaries named in it, and all who would have been interested if the decedent had died intestate, should settle the estate among themselves and oppose the appeal.

The reasons of a competent testator concern himself only.

A will which provides that "after the death of testator's daughter, he gives her children and grand-children," etc., contemplates descendants then unborn who shall be in being at the time of the daughter's death.

*Mandamus* lies to require a circuit judge to hear an appeal by executors from an order of the probate court disallowing a will.

MANDAMUS.    Submitted Oct. 27.    Granted Nov. 10.

*Sawyer & Knowlton* for relators.    The validity of a will is the only question before the probate court, and it is not pertinent to the question that beneficiaries do not choose to take under it: *Pierce v. Pierce* 38 Mich. 412 ; *Stebbins v. Lathrop* 4 Pick. 42 ; *Lorieux v. Keller* 5 Iowa 196 ; *St. John's Lodge v. Callender* 4 Ired. (N. C. L.) 335 ; *Hayes v. Hayes* 48 N. H. 219 ; the executor appeals from the disallowance of probate : *Howe v. Pratt* 11 Vt. 255 ; *Scribner v. Williams*

1 Paige 550; *Foster v. Foster* 7 Paige 48; *Brooks v. Barrett* 7 Pick. 94; *Besancon v. Brownson* 39 Mich. 392.

*E. D. Kinne* and *B. F. Granger* for respondent. Executors have no such interest in a will as authorizes them to appeal from its disallowance (*Farrar v. Parker* 3 Allen 556; *Lewis v. Bolitho* 6 Gray 137; *Henry v. Estey* 13 Gray 336; *Wiggin v. Swett* 6 Met. 194; *Swan v. Picquet* 3 Pick. 443; *Boynton v. Dyer* 18 Pick. 4; *Smith v. Bradstreet* 16 Pick. 264; *Penniman v. French* 2 Mass. 140; *Downing v. Porter* 9 Mass. 386); unless he is a legatee: *Newhouse v. Gale* 1 Redf. 217; *Cunningham v. Souza* id. 462; *Dickinson's Appeal* 2 Mich. 337; *Taff v. Hosmer* 14 Mich. 249; *Labar v. Nichols* 23 Mich. 310. Mandamus does not lie to review judicial action: *People v. Wayne Circ. Judge* 1 Mich. 359; *Mabley v. Judge of Superior Court* 32 Mich. 190.

COOLEY, J. The sole question in this case is, whether the persons named executors in an instrument purporting to be the last will and testament of Hiram Arnold, deceased, may appeal from the order of the probate court disallowing the same, notwithstanding all persons who would be interested as heirs or distributees in case the decedent had died intestate, and all living persons whom the instrument purports to make beneficiaries, unite in a settlement of the estate and oppose the appeal. The circuit court held that they could not, and dismissed the appeal which, in due form, they had attempted to take.

The circuit judge was quite right in saying that litigation over estates is a great and growing evil, and that parties should be encouraged to avoid it by voluntary arrangements, instead of being prevented. But it becomes important in any case to make sure that all persons who are or may be interested join in the settlement, and also, in the case of wills, that no declared policy of the testator in putting his property or any portion of it beyond the control of those concerned in the settlement, is defeated thereby.

A reference to the will, a copy of which is given in the

margin,* will make it clear that purposes are expressed therein which were to be accomplished irrespective of the desires of the heirs, distributees or beneficiaries.    One of these was the erection of a monument to the decedent; and it is a noticeable fact which may assist in the explanation of some other provisions of the will, that the executors, and not the family, were to decide upon this, and to determine upon the inscriptions and the headstones.    In respect to this monument the executors alone can represent the testator's will,

---

*THE LAST WILL AND TESTAMENT OF HIRAM ARNOLD, OF SCIO, IN WASHTENAW COUNTY, MICHIGAN.

I, Hiram Arnold, being of full age and sound mind, do hereby make and execute this my last will and testament, as follows:

*First*—I hereby appoint Edward Treadwell and Noah W. Cheever the executors of this will, with full power to sell and convey the real estate and personal property belonging to my estate, without asking or obtaining license from any court for that purpose.

*Second*—I hereby make the following devises and bequests to the devisees and legatees hereinafter named, in lieu of and in full payment and satisfaction of all the claims, right, title and interest of such devisees and legatees in and to my estate.

*Third*—I hereby direct my said executors to erect on my lot in the cemetery at Ann Arbor a family monument of Scotch granite, with suitable inscriptions thereon, and also such headstones as they may deem appropriate; such family monument not to cost less' than one thousand dollars.

*Fourth*—I give and bequeath to my granddaughter, Luella Beaman, . the sum of one thousand dollars.

*Fifth*—I give, devise and bequeath to my grandson, Clay Green, and his heirs and assigns forever, all of the northwest quarter of section twenty-seven in township two south, in range six east, in Washtenaw county, Michigan, that lies south of the Huron river, and belongs to me.

*Sixth*—I give and bequeath to Sarah Bagley the sum of two thousand dollars, and to Josephine Bagley the sum of one thousand dollars, and to Georgiana Bagley the sum of one thousand dollars.

*Seventh*—After the payment of my debts, the expenses of the settlement and administration of my estate, and the above legacies, I give, devise and bequeath to my daughter, Escalala N. Green, the use, interest and income of my entire estate, both real and personal, during her life, except as hereinafter provided.    When my granddaughter, Luella Beaman, shall become of the age of thirty-five years, then I give, devise and bequeath to her, and her heirs and assigns forever, one-fourth of my estate, both real and personal.    And when my grandson, Clay Green, shall become of the age of thirty years, then I give, devise and bequeath to him, and his heirs and assigns forever, one-fourth of my estate, both real and personal. And after the death of my said daughter, Escalala N. Green, I give, devise and bequeath to her children and grandchildren all my estate, both real and personal, the use of which is above bequeathed to her, the same° to be divided equally among them, share and share alike.

· And I hereby make the above devises and bequests to Escalala N. Green and Clay Green and Luella Beaman, and their heirs and assigns, expressly subject to the payment to my son, Eugene B. Arnold, of a sum not less.

and no settlement can deprive them of their discretionary authority. The decedent trusted to them, and to no others.

But it is equally manifest that the decedent had beneficiaries in view who could not possibly be represented in any settlement. The gift to Escalala N. Green is of a life estate only, and on her decease her share is to pass to her children and grandchildren, share and share alike. We do not understand that she then had any grandchildren, and the will must have intended the children and grandchildren who should be in

than four nor more than six hundred dollars per year during his life, as my executors shall deem best; and I hereby direct my said executors to pay to my son, Eugene B. Arnold, during his life, the said sum not exceeding six hundred dollars per year, out of the income of my estate.

*Eighth*—I hereby will and direct that my daughter, Escalala N. Green, shall have the use, possession and control of my homestead farm, situated in the township of Scio, in Washtenaw county, Michigan, consisting of about three hundred acres, during her life, subject to the above devises and bequests.

*Ninth*—I hereby will and direct that my said executors and their successors shall keep all my estate, except said homestead farm, invested in good real estate mortgages, or other safe and reliable interest-bearing securities, and pay the interest and income from the same to my legatees as above provided, at least once each year, if possible, after deducting their reasonable charges and expenses in managing said estate, until said estate shall become absolutely vested in said legatees by the terms of this will.

*Tenth*—I hereby revoke all former wills by me made.

In witness whereof, I have hereunto set my hand and seal this 19th day of August, A. D. 1879.

HIRAM ARNOLD. [SEAL.]

This instrument, which I hereby declare to be a codicil to my will, executed by me on the 19th day of August, A. D. 1879, in presence of John Henley and Norman Dwight, as witnesses.

I make the following changes and additions to said will, viz.: I give and devise the following described land, being a part of my homestead: commencing at the southwest corner of the northwest quarter of section fourteen, town two south, range five east; thence east one hundred and twenty-one rods, to the east stone wall or fence; thence north along said stone wall to the Arnold road, so called; thence east along said road to its intersection with Delhi road; thence north along Delhi road to the north line of said section fourteen; thence west on said north section line to the northwest corner of said section fourteen; thence south along the Wing road to the place of beginning, to my son Eugene B. Arnold, during his life, and after his death to his heirs.

I hereby revoke and declare null and void the bequest in said will to my son, Eugene B. Arnold, of a sum not less than four nor more than six hundred dollars per year, contained in section "seventh" of said will.

I hereby give and bequeath to my son, Eugene B. Arnold, five hundred dollars, to be invested in a team and farming implements.

In witness whereof, I have hereunto set my hand and seal this 24th day of September, A. D. 1880.

H. ARNOLD. [SEAL.]

being at the death of Mrs. Green. The gift to Eugene B. Arnold is also for life only, and after his death his heirs become the beneficiaries. We do not know why these gifts to the daughter and son were thus restricted, but it is plain that the decedent intended that the descendants of his children should succeed to the property beyond a peradventure, and that it should not be in the power of the children themselves to prevent it. We need not inquire into the reasons; being sufficient to the decedent they are for legal purposes sufficient to all others.

To guard against his purposes being defeated the persons named as executors were made trustees with very extensive powers. They were given full discretion to sell real and personal estate without taking the advice of the probate court, they were to keep all funds invested, and upon them he relied to save the contingent interests for those who were in mind as future beneficiaries. When the living children and grandchildren undertake by agreement between themselves to appropriate the whole property, they attempt to make a new will for the testator ; to take to themselves the fee when he gave life estates only ; to relieve themselves from trusts which he deemed essential ; to cut off after-born children who were plainly the special objects of his bounty. But it is plain that this cannot be done without an equal disregard of the will of and the law. The trustees are the representatives of the dead donor in his wishes, and they represent also the future beneficiaries, who, being as yet unknown, can have no other representatives or protectors.

The will was assailed on the ground of mental incompetency. Had the issue been fully and fairly tried in the probate court and decided on the merits, and had the appeal been taken on technical grounds, we should agree that the relators ought not to press it. It would be inexcusable in them to make costs for the estate which they at the outset must know would be incurred in a vain attempt to support a nullity. But there is every reason to believe from this record that the case has not been fully heard, and that the decision went as it did because of the compromise. Under such cir-

cumstances the executors have an undoubted right to appeal, for they have substantial interests to protect. Whether they might appeal for the mere purpose of protecting the decedent's reputation, if they believed his competency unjustly assailed, we need not discuss, for in this case such a question does not and cannot arise.

It is urged that the *mandamus* which is applied for is not a proper remedy. But the purpose is merely to set the court in motion that the appeal may be heard (*Comstock v. Wayne Circuit Judge* 30 Mich. 98); and it must issue as prayed.

The other Justices concurred.