JOHN H. LESLIE *et al.* Trustees,

*v.*

MARY J. MOSER *et al.*

*Filed at Ottawa November 9, 1896.*

1. EXECUTORS AND ADMINISTRATORS—*when duty of investing funds to raise an annuity devolves upon the executor.* An executor is charged with the duty of setting apart and investing a fund upon which to raise an annuity provided for by the will, where the will fails to designate such fund or to specify who shall invest it.

2. TRUSTS—*when trustees cannot be compelled to invest funds to raise an annuity.* Trustees under a will cannot be compelled to invest a fund set apart by agreement of the heirs for raising an annuity provided for by the will, where the will does not charge them with such duty and their trusteeship is limited in its scope.

3. ACTION—*when bill does not lie to compel trustees under will to invest fund.* A bill to compel trustees to invest a fund for raising an annuity cannot be maintained upon the theory that the obligation was imposed by the will which the trustees had bound themselves to perform by a later contract, where the will is silent as to such duty and the contract expressly places it upon others.

*Leslie* v. *Moser*, 62 Ill. App. 555, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

BRECKENRIDGE & RICH, (FRED L. BROOKS, of counsel,) for appellants.

WILSON, MOORE & MCILVAINE, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

George Leslie, of Chicago, died March 23, 1887, leaving Jane H., his widow, and Mary J. Moser, Belle Leslie, Agnes M. Alton and Laura L. Clancy, daughters, and John H. Leslie, George H. Leslie and Charles C. L. Leslie, sons, his only children, to whom he willed all his property. Among other bequests to the widow, who was named as executrix of the will, was a gift of $1500 a year,

to be paid her in quarterly payments of $375. She and the seven children agreed that $25,000 of the assets of the estate should be invested for the purpose of raising this annuity. This action in chancery was brought in the circuit court of Cook county by appellees, four of the children, against appellants, two of the sons, "as trustees of the estate of George Leslie, deceased," to compel them to invest and secure the complainants' part, being four-sevenths of said $25,000. The defendants filed a general and special demurrer to the bill, which was overruled, and, abiding by their demurrer, a decree was entered against them according to the prayer of the bill. This is an appeal from a judgment of the Appellate Court affirming that decree.

Appellants insist that, admitting the allegations of the bill to be true, as is done by their demurrer, it states no grounds for the relief prayed and granted. They treat it as a bill to enforce the performance of the agreement entered into between the widow and children setting apart the $25,000 fund. On the other hand, counsel for appellees contend that the duties of appellants, as trustees, grew out of the provisions of the will and their dealings with said fund, and they say the bill is not to enforce the contract, but to compel the performance of a trust obligation, which was the basis of said contract. Copies of the will and agreement are made exhibits to the bill.

Does the bill show, upon its face, that it is the duty of the appellants to invest the $25,000 fund? The first question suggested by the argument of counsel is, can they be required to do so by reason of anything stated in the will? The provision under which $1500 a year is given to the widow is as follows: "I give, devise and bequeath to my beloved wife the sum of fifteen hundred dollars per year ($1500), to be paid to her quarterly, in sums of three hundred and seventy-five dollars ($375) each, so long as she shall live." Nothing whatever is

said in any part of the will as to the assets out of which the sum shall be paid, how or by whom the payments shall be raised or paid, neither is there anything in the will making appellants trustees of the estate, generally. They are made trustees for certain purposes,—that is, to hold the bequests and distribute the income of the same to the daughters, accounting to the probate court, etc., but we are unable to find any clause or provision in the will from which it can be said they occupied a trust relation to the estate for the purpose of raising the $1500 to be paid to the widow, nor do we find anything in the allegations of the bill to that effect. True, it is alleged that the will was duly probated, "and that the said John H. and George H. Leslie were duly appointed trustees of said estate under the directions of the judge of said probate court," but it is not stated for what purpose they were so appointed, and, construed with the will, the allegation means no more than that they were appointed trustees for the daughters.

It is next alleged that at the time of filing the final account by the executrix, which was May 7, 1894, the complainants received the amounts due them under the will, leaving, however, the sum of $25,000 in the hands of John H. and George H. Leslie without security, which amount was reserved as a principal sum capable of producing the amount bequeathed said widow during her life as an annuity, four-sevenths of which will, at the death of their mother, belong to complainants. The allegation is not that the money was left in the hands of appellants to be invested by them. There is the further allegation that the executrix is an elderly lady, unaccustomed to business and under the direct influence of appellants, and "as trustees under the will she entrusted the entire charge of the funds of said estate to them, without any bond or security." But here is no attempt to charge them with a trust relation as to the fund or to show in what way it became their duty to invest it.

Again, it is alleged that although the reports of the executrix show a large sum of money in her hands, no amount was ever invested to secure her annuity "until at the time of the filing of said account, in May, 1894, when the said John H. and George H. Leslie were induced to sign a contract, a copy of which, marked 'Exhibit B,' is made a part of said bill;" that when the contract was signed it was verbally agreed by the executrix and heirs that one-half of four-sevenths of $25,000 should be invested in three months from the date of said contract and the balance in six months; that said sum of $25,000, together with other moneys of said estate, being in charge and control of said trustees, had been used in the business of John H. and George H. Leslie, a firm composed of said trustees.   Here is no attempt to show that by the terms of the alleged verbal contract *appellants* were to continue in control of or make any investment of the $25,000.   It is then alleged that none of the moneys of the estate have ever been invested otherwise than in said firm; "that orators, since the signing of said contract, have requested said trustees to perform the contract entered into in accordance therefor, but without avail," and prays, "that the said John H. and George H. Leslie be required to perform said contract, and that orators have such other relief as equity may require."

It seems clear, from the provisions of the will itself, that the duty of providing for the payment of the $1500 annually to the widow devolved upon her as executrix, and not upon appellants.   She might have set apart $25,000, or any other proper sum, for the purpose of securing to herself the payments, with or without the agreement or consent of the heirs.   Undoubtedly, upon the facts alleged in the bill, without reference to the contract, she would have the right to compel appellants to pay over to her the sum of money in their hands, and it may be, if she had refused to do so upon request, a court of equity would, upon a proper bill, compel her to per-

form that duty. It is doubtless true, under authorities cited by counsel for appellees, that a court of equity would compel her to so invest the principal fund, after she had set it apart, as to make it secure to those entitled to it after it had served the purpose for which it was set apart. But that is not the question here, but, rather, is there anything in the will or allegations of the bill to show that *appellants* were under obligation to invest and secure the fund; and, as we have already said, we are unable to find anything in the will or allegations of the bill imposing any such obligation. As already shown, the bill does proceed upon the theory that their duties grow out of the contract, and the prayer is that they be compelled to perform that contract. That agreement first states the parties thereto, being the widow and all the above named children. The first clause is: "That the sum of twenty-five thousand dollars ($25,000) of the moneys of said estate shall be retained by said executrix as a trust fund to secure the prompt and full payment to her of the sum of fifteen hundred dollars ($1500) per year, as provided for in and by said last will and testament of said George Leslie, deceased." The second clause provides that three-sevenths of the sum may be dealt with as agreed upon between the executrix, John H. Leslie, George H. Leslie and Belle Leslie, during the lifetime of Jane H., and at her death the same or proceeds to belong; in equal parts, to John H., George H. and Belle Leslie, they relinquishing all right to any part of the remaining four-sevenths, it being also agreed that neither of them should be liable to said John H. in any manner for the remaining four-sevenths nor for the annual income to be derived therefrom. The third clause, and the one material to the consideration of this case, is as follows:

"*Third*—The remaining four-sevenths of said trust fund of twenty-five thousand dollars ($25,000) shall be retained by said executrix as such, or her successor in the administration of such estate, during her lifetime, and invested

and re-invested by her, under the direction of the proper court, and the income thereof applied toward the payment of said annuity of fifteen hundred dollars ($1500). The said four-sevenths of said twenty-five thousand dollars ($25,000) shall stand for and be the distributive shares of Charles C. L. Leslie, Agnes L. Alton, Laura L. Clancy and Mary Moser in said trust fund, and the income thereof, whatever the same shall be, shall stand for and be the shares which said four heirs shall contribute toward said annuity. In no case shall said four heirs, or any thereof, or their shares in their father's estate, be in any way resorted to, to pay or make up more than a total of four-sevenths of said annuity. At the death of said Jane H. Leslie said four-sevenths so invested, or the proceeds thereof, or the balance remaining, shall belong, in equal parts, to the four heirs in this paragraph mentioned, and be distributed to them, or on their account, *pro rata*, the others of said heirs hereby waiving any right, as heirs of said estate, to share therein."

By the express language of this contract the $25,000 are to be retained, not by appellants, but "*by said executrix as such, or her successor in the administration of such estate, during her lifetime.*" It is to be "*invested and re-invested by her, under the direction of the proper court.*" Even if it had been in any way the duty of appellants, under the provisions of the will, to act as trustees of the fund in question, here is a plain agreement, entered into by all the parties interested, who seem to have been fully competent to contract for themselves, that the duty of holding and investing the fund should be performed by the executrix.

Upon any theory of the case the demurrer to the bill should have been sustained. The decree of the circuit court and the judgment of the Appellate Court will accordingly be reversed and the cause will be remanded, with directions to dismiss the bill.

*Reversed and remanded.*