## James Butler et al., Appellants, v. Cyrus Bocock, Administrator, Appellee.

### Gen. No. 5417.

1. EXECUTORS AND ADMINISTRATORS—*powers of administrator with will annexed.* An administrator with the will annexed succeeds to the duties and powers of the executor which result from the nature of his office as executor but not to those in the nature of a personal trust or confidence.

2. EXECUTORS AND ADMINISTRATORS—*liability for expenses incurred in defending against attack upon will.* It is the duty of an executor to defend the will which appoints him in the first court in which it is assailed and until it has been adjudged invalid by some court. If he acts in good faith and not from motives of personal interest, or in the interest of part of the devisees, and is not charged with fraud or undue influence in procuring the will, then the costs and reasonable expenses incurred in making such defense should be borne by the estate and not by the executor personally.

3. PRACTICE—*when propositions of law not required.* In a proceeding to contest an administrator's report the parties are not entitled to a trial by a jury and the presentation of propositions of law in such a case is not proper.

Objections to administrator's report. Appeal from the Circuit Court of Stark county; the Hon. N. E. WORTHINGTON, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed March 16, 1911.

**Statement by the Court.** Thomas Butler died leaving a last will, which was duly admitted to probate. The executors named in the will refused to qualify, and Cyrus Bocock was appointed administrator with the will annexed. The will gave certain legacies amounting to $1,700 to certain minor nephews and nieces, and gave to James Butler, a son of the testator, the remainder of the personal estate, and devised to his said son the use of all his real estate during his life, subject to the control of a committee, with remainder to the heirs of the body of James living at his death, and if James should die leaving no heirs of his body, then the real estate to be divided amongst the

heirs of the testator. The estate consisted of real estate valued at $16,000 and about $4,000 of personal estate that was known. The administrator discovered about $1,200 of personal estate that had been concealed or diverted, and collected it by means of a citation.

About six months after the probate of the will, James Butler filed a bill to contest the will, alleging a want of testamentary capacity and undue influence of one of the parties named as executor. The executors named in the will, although they had refused to qualify, were made defendants. The administrator with the will annexed had no personal interest in the matter, but consulted counsel and was advised that the will having been probated it was his duty to defend it. Thereupon the administrator employed counsel to defend the bill. On a trial in the Circuit Court the will was set aside. The administrator with the will annexed thereafter on April 4, 1910, filed in the Probate Court a statement showing receipts and disbursements. At the close of the report is the statement addressed to the county judge, signed by the administrator with the will annexed, "I hand you this report of receipts and expenditures, a part of which have been paid and a part has not been paid;" and it asked for an order to pay the creditors in full and the balance to the heir. Attached to the account is an itemized bill of J. A. Rennick amounting to $807 receipted in full March 31, 1910. This bill is composed of several items, among which are services in citation of James T. Fitzgerald (from whom the $1,200 was collected) $100, services in will contest, $600, and other minor expenses and charges in the will contest. James Butler, as heir at law of the deceased, appeared and filed objections to the approval of the claims of Rennick, the guardian *ad litem* fees which had been fixed by the Circuit Court in the will contest, the witness fees in the will contest, the allow-

ance of any commissions to the administrator with the will annexed, and to some other minor items. The Probate Court found that the statement was not a report, for the reason that the statement of expenditures did not show what were paid and what were unpaid, and treated the statement as a petition for distribution.

The objections to the claims of Rennick, the guardian *ad litem* fees and the witness fees were overruled. The objection to another claim not now in controversy was sustained. The objection to the commissions claimed by the administrator with the will annexed was not passed upon but judgment was reserved on that question until the final report in the estate should be presented. Butler as an heir appealed from the order of the Probate Court to the Circuit Court. In the Circuit Court, James Butler, administrator of the estate of Thomas Butler, deceased, filed a motion stating he had been appointed administrator since taking the appeal, and asking that he be permitted to prosecute the appeal. This motion does not appear to have been passed upon. On the hearing in the Circuit Court, the objections overruled by the Probate Court were again overruled; and James Butler appeals to this court as heir at law and administrator of the deceased.

KERNS & FLING, for appellants.

J. H. RENNICK, J. A. WEILAND and W. W. WRIGHT, JR., for appellees.

MR. JUSTICE THOMPSON delivered the opinion of the court.

The items in the report of the administrator with the will annexed objected to, and to which objections were overruled, relate to sums paid or liabilities incurred by the administrator with the will annexed, for the services of counsel in defending the suit to contest the will, and to the fees allowed to the guardian *ad*

*litem* in the Circuit Court, and to witness fees and expenses incurred in that suit. No question is raised as to the reasonableness of any of such charges, fees or expenses. Appellants' only contentions are (1) that an executor or administrator who defends a will contest unsuccessfully, must, himself, bear all the expenses of the litigation, including solicitor's fees, witness fees, costs and other expenses; (2) that the decree in the will contest, that the defendants pay the costs, is decisive against the administrator with the will annexed.

An administrator with the will annexed succeeds to the duties and powers of the executor which result from the nature of his office as executor but not to those in the nature of a personal trust or confidence. Penn, Trustee, v. Fogler, 182 Ill. 76; Hall v. Irwin, 2 Gilm. 176; Leslie v. Moser, 163 Ill. 502; 1 Williams on Executors, 563; 1 Woerner on Administrators, 178. We regard the rule in this state as well settled that it is the duty of an executor and also of an administrator with the will annexed to defend the will in the first court where it is assailed, and he must defend the will until it is once adjudged that it is invalid. He is a necessary party to such suit in his representative capacity. It is his duty to defend the will. If he acts in good faith and not from motives of personal interest, or in the interest of part of the devisees, and is not charged with fraud or undue influence in procuring the will, then the costs and reasonable expenses incurred in making such defense should be borne by the estate. Pingree v. Jones, 80 Ill. 177; Godfrey v. Phillips, 209 Ill. 591. Upon an examination of the cases cited as holding otherwise and modifying to a certain extent the rule announced in the Pingree case, it will appear that expenses and costs have only been taxed against executors, when they prosecuted will contests after the will had been set aside in a trial court, or where the executors were charged with bad faith or had a per-

sonal interest to defend. In such cases the courts properly refuse to make an allowance for their costs and expenses. If, however, in the first court there is a decree setting aside the will, and the executor appeals to a higher court, he takes the risk of the costs and expenses of the additional litigation, and if he is unsuccessful he must personally pay that additional cost and expenses. In the case at bar all the devisees except the contestant were minors. There was no interested defendant legally capable to indemnify the administrator with the will annexed. If an administrator with the will annexed or an executor, notwithstanding his legal duty, is not authorized to employ counsel at the expense of the estate to defend the trust, and the court cannot tax a guardian *ad litem* fee against the estate, the result is that the purported will of the testator concerning the disposition of his estate cannot have a reasonable defense, but must depend on a volunteer for its defense. There is no claim of bad faith on the part of the administrator, and no good reason appears why the estate should not pay the costs and expenses of the will contest. The will having been admitted to probate the reasonable rule is that the estate should pay the costs and reasonable expenses in the first court in which a contest is made.

The second contention of appellant is that the decree that the defendants in the will contest pay the guardian *ad litem* fee and the costs, is decisive against appellee. The guardian *ad litem* fee is a part of the costs. The decree is not against Cyrus Bocock personally, but is against him in his representative capacity. The decree, being against "Cyrus Bocock, administrator with the will annexed," is a decree against the estate for costs. Nothing in the decree indicates that he is required to pay the costs personally.

It is also contended that the court erred in refusing to pass upon certain propositions of law submitted by appellant. In a proceeding to contest an administra-

tor's report the parties are not entitled to a trial by jury, and the presentation of propositions of law in such a case is not proper. Martin v. Martin, 170 Ill. 18; Herman v. Pardridge, 79 Ill. 471; Kempton v. Funk, 139 Ill. App. 387. The court did not err in refusing to pass on the propositions. Finding no error the judgment is affirmed.

*Affirmed.*