MOLL ET AL. *v.* GOEDEKE ET AL.

[No. 16,210. Filed February 13, 1940.]

*Robert D. Markel,* for appellants.

*Edgar Durre,* and *Daniel H. Ortmeyer* for appellees.

LAYMON, J.—On June 7, 1937, in the June term of the Vanderburgh Probate Court, appellants filed their verified objections to the probate of an instrument purporting to be the last will and testament of Frederick

W. Goedeke, who died on April 26, 1937. The objections
alleged, among other things, ''that a pretended will
of said decedent, bearing date of the 14th day of No-
vember, 1934, has been, or is about to be presented
to this court, or to the clerk of this court, for probate,
as his last will and testament; that said pretended will
is voluminous and involved and those Objectors and
Petitioners have not had opportunity to interpret or
construe the same or the meaning and force thereof
but that these Objectors and Petitioners and the said
widow are all named therein as beneficiaries''; that
at the time this pretended will purports to have been
executed the decedent was incapable of making a will;
that the pretended will was unduly executed; that the
pretended will was executed under duress; and that
such pretended will and the execution thereof were
obtained by fraud. Appellants prayed that the probate
thereof be continued until the next and succeeding
term of court.

On June 7, 1938, appellee Estella M. Goedeke was
appointed special administratrix by the court, pend-
ing the controversy over the probate of the will.

On September 9, 1937, during the September term
of the Vanderburgh Probate Court, appellants filed
their formal complaint to resist the probate of the
pretended will of the decedent, and alleged, among
other things, ''that a pretended last will and testa-
ment of the said Frederick W. Goedeke has been pre-
sented to this court or to the clerk of this court for
probate,'' and charged the invalidity of the will upon
the following grounds: (1) Unsoundness of mind of
the testator; (2) undue execution; (3) duress; and
(4) fraud. Appellees Estella M. Goedeke, in her indi-
vidual capacity, and Estella M. Goedeke, in her rep-
resentative capacity as ''Special Administratrix of
the Estate of Frederick W. Goedeke,'' were made

party defendants to the complaint and were each duly served with process of service. The defendants, who are appellees here, appeared to the action by counsel, and, after having unsuccessfully moved to make the complaint more specific and to require the plaintiffs to state the facts necessary to sustain alleged conclusions, filed, on December 7, 1937, a verified motion, designated as a "Motion to Dismiss Action," in which they alleged that the court did not have jurisdiction of the cause for the reasons: That the persons named as beneficiaries in a will offered for probate had not been made parties to the action during the next and succeeding term; that by the terms of the will the wife of the testator was made and nominated executrix of the estate, and certain persons, to wit, Estella M. Goedeke, Elfrieda Moll, Elsie Angel, Clara Schlegel, and Walter Moll, were made trustees of the trusts created therein; that neither the executrix of the will nor the trustees therein named were made parties to the action within the time prescribed by law, nor are such beneficiaries, executrix, and trustees now parties to the action; that the plaintiffs were furnished a copy of the will prior to the offer of the probate thereof and knew those named as executrix and trustees in the will; and that the executrix and trustees so named were necessary parties to the action. A copy of an instrument purporting to be the last will of the decedent and bearing date of November 14, 1934, was attached to and made a part of the pleading.

The testator, by the terms of the instrument, appointed his wife, Estella M. Goedeke, and his daughter, Elfrieda Moll, trustees thereunder for the period of any trusts therein created, provided, however, that if either of them should die or refuse or be unable to act, his daughter Elsie Angel shall be a trustee and serve in the place of the one who dies; that in the

event Elsie Angel does not so act, or in case neither his wife nor his daughter Elfrieda Moll so acts, then his daughter Clara Schlegel shall be and act as one of the trustees. The will further provided that there shall always be two trustees, as long as two of the four persons named are living and able to act; that if, for any reason, only one of the four persons named shall be willing and able to act, then such one person shall be the sole trustee; that if neither his wife nor any of his three daughters can or will act as such trustee, then his son-in-law, Walter Moll, shall act. By certain items of his will, he bequeathed and devised unto the trustees property consisting of both real estate and personal property in trust, upon certain terms and conditions by him enumerated and set forth therein. By Item No. 7 he nominated and appointed his wife, Estella M. Goedeke, executrix of his will.

The motion to dismiss was submitted to the court upon argument of counsel and without the introduction of any evidence. The court, after taking the matter under advisement, on the 11th of February, 1938, sustained the motion and entered a judgment dismissing the cause of action.

Appellants timely reserved an exception and prosecuted this appeal, assigning as error the sustaining of appellees' motion to dismiss their cause of action.

In support of their alleged error, appellants contend that appellees, by their motion to dismiss, attempted to challenge the jurisdiction of the court by alleging facts not contained in the complaint or otherwise appearing of record, to wit: That certain persons named in the instrument purporting to be the last will and testament of Frederick W. Goedeke had not been made parties to the action; and that under such circumstances the motion to dismiss the action

can not perform the office of a demurrer or a plea in abatement.

This motion, we think, was not authorized by any statute or rule of practice obtaining in the courts of this state, and was, therefore, improper. Appellees evidently intended by this motion to question the jurisdiction of the court below to proceed without making certain parties designated in the motion parties to the action. ,Aside from our statute, the rules of good pleading require that the appellees should present the question of defect of parties either by demurrer or by plea in abatement, depending, of course, upon whether the defect of parties affirmatively appears upon the face of the complaint. In treating the pleading as a motion to dismiss, rather than as a plea in abatement, the trial court took away the right of appellants to amend their complaint and make additional parties in the event the ruling was adverse to them. *Ludwick* v. *Beckamire* (1860), 15 Ind. 198; *Bass Foundry and Machine Works* v. *Board of Comm'rs of Parke Co. et al.* (1888), 115 Ind. 234, 17 N. E. 593; *Moore* v. *Harmon* (1895), 142 Ind. 555, 41 N. E. 599; *Western Union Tel. Co.* v. *State ex rel.* (1905), 165 Ind. 492, 76 N. E. 100; *Danville Trust Co.* v. *Barnett* (1916), 184 Ind. 696, 111 N. E. 429.

In actions to contest the validity of wills or resist their probate, the rules governing the trial of civil actions under the code are applicable, and pleadings, demurrers, motions, answers, pleas in abatement, statute of limitations, estoppel, etc., are sanctioned in such actions by the courts of this state.

A more difficult question is presented in determining who should be made parties to an action to contest or

resist the probate of a will within the meaning of the statute.

Appellants insist that all of the persons mentioned in the alleged will attached to appellees' motion to dismiss have been made parties to the action in their individual names, either as plaintiffs or defendants, and that no further identification as executrix or trustees is necessary to meet the requirements of the statute.

In this state actions to contest the validity and to resist or set aside the probate of an alleged will are purely statutory; that is, they can only be brought and successfully maintained in the manner and within the limitations prescribed by the statute.

Section 7-504 Burns 1933, provides:

"Any person may contest the validity of any will or resist the probate thereof, at any time within one [1] year after the same has been offered for probate, by filing in the court having probate jurisdiction in the county where the testator died or where any part of his estate is, his allegations in writing, verified by his affidavit, setting forth the unsoundness of mind of the testator, the undue execution of the will, that the same was executed under duress, or was obtained by fraud, or any other valid objection to its validity or the probate thereof; and the executor and all other persons, beneficially interested therein shall be made defendants thereto."

This section of the statute is mandatory that all persons beneficially interested shall be made parties. The proceeding to resist or set aside the probate of a will has been held so far a unit and indivisible, therefore necessitating the making of all persons parties to the action, as contemplated

by the statute, either as plaintiffs or defendants, and causing process to issue thereto.

When the law requires a person to be made a party defendant in an action, it is for the purpose of having an adjudication that will be binding upon him. When he is brought into court he is required to make defense or suffer default in his rights to the subject-matter in controversy. He cannot escape the burden of securing his rights by defending under cover of another party to the action.

It is true that objections to probate need not name the parties who are beneficially interested, but a formal complaint must be filed stating objections to the probate of the will, and all persons whose interests will necessarily be affected by any decree that can be rendered are necessary and indispensable parties, and the court ought not proceed to a decree without them either as plaintiffs or defendants.

The statute expressly provides that the executor named in the will shall be made a party, and this is true whether the action is to resist the probate of a will or is to contest the will after it has been probated. *Fillinger* v. *Conley* (1904), 163 Ind. 584, 72 N. E. 597.

As heretofore stated, the right to contest a will or resist the probate of a will is purely a statutory one, and one insisting upon such right must bring himself clearly within the statute. This remedy can only be made available to those who substantially comply with the conditions and directions of the statute, and it can not be enlarged or changed by construction to conform it to some particular case.

In the instant case neither the executrix nor the trustees designated in the will were made parties in the caption of the complaint; nor were they alluded

to by any allegation in the body of the pleading. Whatever their capacity may be before the will is probated, they should be sufficiently identified as executrix and trustees in accordance with the terms of the will, so as to be bound by any decree which the trial court may render in such proceeding. See *McGeath* v. *Starr* (1901), 157 Ind. 320, 61 N. E. 664; *Faylor* v. *Fehler* (1914), 181 Ind. 441, 104 N. E. 22; *Voyles* v. *Hinds* (1917), 186 Ind. 38, 114 N. E. 865.

By the terms of the will the testator bequeathed and devised both real and personal property to certain designated trustees. Upon probate of the will, unquestionably the title is in the trustees, and the duty is imposed upon them to protect and preserve this interest for whomsoever shall be ultimately entitled to it. They are necessary parties to stand for and represent in the litigation the beneficiaries ultimately entitled to this fund, and such beneficiaries are bound by their representation.

In an action to resist the probate of a will it may logically be contended that a trustee to whom is committed the carrying out of an important part of the will of a testator may have no direct interest in any physical part of the estate or its proceeds, nor any personal pecuniary interest in the trust; nevertheless he represents and in effect holds the interest of others, which it is his duty to maintain, and which depend for their existence on the establishment of the will. The beneficiaries of the trust may acquiesce in the rejection of the will in order to destroy the trust and thereby obviate the will and the testator's wishes. The trustees are the representatives of the dead donor in his wishes, and they also represent the future beneficiaries, who, being as yet unknown, can have no other representatives or protectors. Before the will is probated, we think that such a trust is itself an in-

terest in the will, or in the question of will or no will, which authorizes the trustee to prove the will and to prosecute a writ of error to reverse an order rejecting it. See *Tibbatts* v. *Berry* (1850), 10 B. Mon. (Ky.) 473; *Cheever* v. *Circuit Judge* (1880), 45 Mich. 6, 7 N. W. 186; *Re Bernheim* (1928), 82 Mont. 198, 266 Pac. 378; *St. James Orphan Asylum* v. *Shelby* (1900), 60 Neb. 796, 84 N. W. 273; *Shirley* v. *Healds* (1857), 34 N. H. 407.

Where the trustee represents interests of persons not in being, or their identity is uncertain, the propriety of requiring such trustee to be made party is especially evident.

The trust estate created by the terms of the will ought not to be dissolved or destroyed by a judgment of court without making all of the parties beneficially interested therein, including the trustees, parties thereto.

Judgment reversed, with instructions to set aside the ruling on appellees' motion to dismiss and for further proceedings not inconsistent herewith.

Stevenson, J. concurs.

## CONCURRING OPINION

STEVENSON, J.—I concur in the result reached by the majority opinion.

It is my opinion that the trial court erred in sustaining the motion to strike out the appellants' objections to the probate of the will. I do not agree that the executor and the trustees named in the purported will must be sued in the capacity in which they are named in order that they may be bound by the decree of the court rendered in such proceedings. Our statute provides that in actions to resist the probate of alleged wills ''the executor and all other persons bene-

ficially interested therein shall be made defendants thereto.'' § 7-504 Burns Ind. Statutes 1933. This does not mean that the executrix named in the purported will involved herein must be sued in such representative capacity. Prior to the probate of the will and to her appointment as executrix by the court, she has no capacity in which she may be sued except her individual capacity. After her appointment as executrix the statute confers upon her a right to sue in such representative capacity. § 6-901 Burns' Ind. Statutes 1933. She is then an officer of the court and enjoys, as such, a separate legal entity, but prior to the probate of the will she can act only in her individual capacity. She is under no legal duty to offer the will for probate and there is no obligation placed upon her as the executrix named in the will to defend it where its probate is resisted. *Doan* v. *Herod, Admr.* (1914), 56 Ind. App. 663, 104 N. E. 385. Indeed, if she should employ counsel and actively engage in supporting the purported will in an action to resist its probate, she acts in so doing in her individual capacity only, and she cannot bind the estate by any contract which she might make when the proceedings result adversely to her. *Doan* v. *Herod, Admr.,* supra. Until the written instrument has been admitted to probate, no legal rights are established thereby. *Pitts* v. *Melser* (1880), 72 Ind. 469. Until it has been established as a will, there can be no executor.

There is no foundation therefore, by which we can say that in the proceedings to resist the probate of a will the executor named therein must be sued in a representative capacity. All that the statute requires is that the person who is named as executor and ''all other persons beneficially interested therein'' shall be made parties to the litigation.

All of the persons beneficially interested in the will

involved in this proceeding were before the court, either as parties plaintiff or defendant. The court had jurisdiction of their persons and the subject-matter of this litigation. If there were a defect of parties, this question should have been raised by proper pleading. As was said by our Supreme Court recently:

"A defect of parties which is not apparent on the face of the complaint must be reached by a plea in abatement, but where the defect is apparent on the face of the pleading a demurrer is the proper method of reaching such a defect. If the question of a defect of parties is not raised by a demurrer or by a plea in abatement, the objection to such defect is deemed to have been waived, consequently, appellant has waived any question predicated on defect of parties." Watson v. Burnett (1939), (Ind.) 23 N. E. (2d) 420, 424.

The persons beneficially interested in this will and the person named as executor therein were before the court. That they would be bound by any decree that the court might properly render in this proceeding seems to me unquestionable.

It is my opinion that this verified motion to dismiss this action was in effect a plea in abatement. If so, the court should have heard evidence thereon and given the parties an opportunity to amend their complaint if it was found to be insufficient. In any event, it was error to sustain the motion and to dismiss the proceedings.