STERNBERG et al. v. ST. LOUIS UNION TRUST CO.

No. 3483.

District Court, E. D. Missouri, E. D.

May 20, 1946.

For supplemented opinion see 66 F. Supp. 16.

S. Mayner Wallace, of St. Louis, Mo., for plaintiffs.

Rhodes E. Cave, T. S. McPheeters, Fred L. Williams, and Roland O'Bryen, all of St. Louis, Mo., for defendant.

HULEN, District Judge.

Since ruling on the motion for summary judgment, a trial has been had on the remaining issues under Counts 1 and 2 of the complaint. Defendant renews its request

that judgment be stayed on Count 1 pending decision by the Illinois Supreme Court on appeal in the will contest, citing Atwood v. Rhode Island Hospital Trust Company, 1 cir., 34 F.2d 18. If the decision of the Illinois Supreme Court were decisive of the issues in this case, as in the case cited, we would be disposed to grant defendant's request. But such is not the case. Even if the Illinois Supreme Court affirms the ruling of the lower court, there will still remain the issue of equitable conversion undisposed of. We now turn to disposition of the remainder of the case, on both counts. The main question now presented (Count 2) is removal of defendant as trustee. By oral argument and brief, eight grounds are urged as a basis for the ruling sought by plaintiffs.

In passing on these issues we will be governed by certain applicable rules of law. The trustees' obligation is a serious one, and cannot be surrendered lightly, but only for compelling reasons. It is the duty of an executor or trustee to collect and conserve the estate and to carry out the intent of the testator. While misconduct of the trustee or mismanagement of the trust estate is ground for removal of the trustee, to warrant such removal there must be such misconduct as to evidence the want of capacity or fidelity, putting the trust in jeopardy. "The power of removal of trustees appointed by deed [1] or will ought to be exercised sparingly by the courts. There must be a clear necessity [Wiegand v. Woerner, 155 Mo.App. 227, 134 S.W. 596] for interference to save the trust property." See Mississippi Valley Trust Company v. Buder, 8 Cir., 47 F.2d 507, 511, and 65 C.J. 622, § 458, Note 15. A trustee will not be removed for every violation of duty or even breach of trust if the fund is in no danger of being lost.[2] The burden of proof is upon plaintiffs.

1. It is charged defendant is guilty of a "conscious fraud" by reason of the following facts: Soon after the death of testator, Herman J. Sternberg, defendant's assistant trust officer, W. J. McConnell, went to Illinois to investigate matters concerning the estate. While there, he consulted with attorneys who were to, or then did, represent the defendant as executor in proceedings incident to the probate of the will and administration of the estate in Illinois. The Illinois counsel then informed Mr. McConnell of the Illinois statute concerning marriage of the testator subsequent to the execution of the will, Ill. Rev.Stat.1943, c. 3, § 197, and gave Mr. McConnell an opinion that if the testator had been a resident of Illinois, the will would be void as to Illinois real estate, but testator having been a resident of Missouri at the time of his death, counsel expressed the opinion "that he thought the will would be accepted as a whole."

---

[1] See In re Crawford's Estate, decided by the Supreme Court of Pennsylvania on December 2, 1940, reported in 340 Pa. 187, 16 A.2d 521, 523, where the Court said: "'A testator has, as a property right, the privilege and power to place the management of his estate in a selected person as a condition of his bounty.' In re Mathues' Estate, 322 Pa. [358], at page 359, 185 A. [768], at page 769. The status of such a fiduciary is not the same as that of a trustee, guardian or administrator appointed by the court."

[2] Wylie v. Bushnell, 277 Ill. 484, 115 N.E. 618, 627. In this case the Court said: "Generally speaking, it is only in case of a real or threatened diversion of the trust funds or property, or of mismanagement, incompetence, or dishonesty that a court may interfere to remove the regularly appointed trustee. Wisconsin Universalist Convention v. [Union] Unitarian & Universalist Society, 152 Wis. 147, 139 N.W. 753. The court will not always remove a trustee for error or misjudgment in some special transaction. There must be such gross negligence or mismanagement as to evidence a want either of capacity or fidelity putting the trust in jeopardy. Massey v. Stout, 4 Del.Ch. 274. The question whether trustees appointed by a will or deed will be removed for neglect of duty or breach of trust must necessarily be addressed to the sound discretion of the court, whose determination must depend largely upon the circumstances of each particular case. If the trustee has acted honestly and in good faith, though the keeping of his books is decidedly unbusinesslike and careless, it does not necessarily require his removal. Murdoch v. Elliott, 77 Conn. 247, 58 A. 718."

Representatives of the defendant informed plaintiffs of the plan to file the will for probate in Illinois, and solicited and received from plaintiffs waivers of notice of the application for probate. Otherwise they would have had to be notified by publication. At the time of offering the will for probate, defendant did not inform the Probate Court of the marriage of the testator subsequent to the execution of the will. It is plaintiff's position that defendant had knowledge of the Illinois statute before taking any of these steps looking toward probate of the will. As we read the record, this claim is not sustained, but assuming such to be the fact, what effect does it have on plaintiffs' purpose in this case?

This chain of events, plaintiff argues, "in and of itself authorizes and requires the removal of this defendant as a co-trustee, regardless (even) of any possible future outcome of the Illinois litigation." (Brief.)

On the record presented, the only misrepresentation of defendant, assuming it can properly be called a misrepresentation, is the statement of defendant that it had over-looked the Illinois statute on the effect of the marriage of the testator subsequent to the execution of the will. At this time defendants were in possession of knowledge of the Illinois statute and the statement could not have affected their conduct.

The real question is, was defendant's failure to inform plaintiffs of the Illinois statute prior to or at the time of probating the will in Illinois a fraud or such a deception on the part of the defendant as to show bad faith, evidencing want of capacity to act as a trustee of the Sternberg estate? Had defendant volunteered information on the statute of Illinois to plaintiffs, it could have served no purpose to them, other than to set in motion activity by the plaintiffs which, if successful, would have defeated the intention of the testator. If the Illinois statute is held to make disposition of the Sternberg real property to the heirs at law, the real estate will be acquired by them (plaintiffs) contrary to the terms of the will.

Defendant's actions were not in conflict with the Sternberg will. There is author-ity that in the absence of a request from a beneficiary, the trustee is under no duty to furnish information to him. (Restatement of Trusts, § 173). It has been held that a trustee was under no duty to inform a widow of her statutory rights, so long as he remained passive in the matter. Ludington v. Patton, 111 Wis. 208, 86 N.W. 571. "The trustee in his administration of the trust is under the duty of acting exclusively and solely in the interest of the trust estate or the beneficiaries within the terms of the trust—He must act for and not against the trust estate or the beneficiaries." (54 Am.Jur. 247, Trusts, § 312). Neither of the plaintiffs at the time referred to was under disability. They had counsel, independent of defendant. They were not depending on defendant to protect their private interests as against or when in conflict with the interest of the trust estate. They had no right to depend upon the defendant to represent them when their interests conflicted with the terms of the Sternberg will. The conduct of the defendant caused no loss to the plaintiffs or the trust. Plaintiffs' position in seeking title to the Illinois real estate is as heirs at law and not as beneficiaries under the Sternberg will. We find no basis for holding the defendant guilty of fraud or of action justifying its removal as trustee, in its failure to reveal to the plaintiffs information which would have caused them to take action derogatory of the will and intention of the testator as therein expressed.

2. The acts of the defendant reflected by the will contest proceeding in Illinois (see first memorandum on Count I) are presented as a ground for its removal as trustee. The charge is: "defendant not only sought no such thing as a declaratory judgment, but with its St. Louis and Illinois lawyers, in January, 1945, answered and began to fight its beneficiary plaintiffs as arm's length adversaries—praying a 'dismissal' of their case and pleading a contention that, under the Missouri and Illinois laws, the will was good in its entirety in Illinois and that the land title of that estate was thereby controlled and governed." (Brief.)

As we view the record, the issue is: As to application to the Sternberg will of the

Illinois statute on remarriage of the testator subsequent to execution of the will, did defendant have reasonable cause, either to believe the Illinois statute would not apply or for doubt upon the subject?[3]

Defendant received an opinion from its Illinois counsel that it was doubtful whether or not the Illinois statute would apply; defendant received an opinion from its local counsel, first, that under the Illinois statute one-half of the real estate would go to plaintiffs and the other half to the wife of the testator, later an opinion to the effect that the application of the Illinois statute (to the royalties accruing from the Illinois real estate subsequent to the death of the testator) was doubtful. The Illinois counsel represented testator during his lifetime. One of defendant's local counsel formerly served on the Supreme Court of Missouri and another as a Circuit Judge in the City of St. Louis. No evidence was offered that either counsel was acting in bad faith in giving his opinion, or that defendant acted in bad faith in relying on their advice. We will not presume such a conclusion. Viewing this record most favorably to the plaintiffs, the information received by the defendant should have created a reasonable doubt as to application of the Illinois statute to the Sternberg will.

Under the law of the State of Illinois,[4] it is the duty of the executor to defend a will contest. Plaintiffs complain that defendant has defended the will contest at arm's length; that defendant did not ask for a declaratory judgment. Otherwise stated, plaintiff complains that defendant is making a vigorous defense in the will contest suit. Not content with the adverse judgment of the Circuit Court of Fulton County, Illinois, defendant appealed. De-

fendant's conduct, if ultimately successful, will result in carrying out the intention of the testator. Defendant is prosecuting an appeal from the judgment of the Circuit Court of Fulton County by order of the County Court of Fulton County. Before the order was entered, plaintiffs contested before that Court, without success, the issuance of the order. The Fulton County Court had jurisdiction to make the order entered. No appeal was taken from the order. It would be a paradoxical situation for this Court to rule that defendant has disqualified itself, as trustee named in the Sternberg will, by prosecuting an appeal as executor from a judgment adverse to the trust when its prosecution of the appeal is directed by a court of competent jurisdiction in the State and County where the litigation is being carried on.[5]

Nor are we able to convict the defendant of wrongdoing justifying its removal because of its action in filing an Illinois inheritance tax report on the basis that the plaintiffs inherited the property as a result of the effect of the Illinois statute, and taking a contrary position in the litigation with the plaintiffs. The Illinois inheritance tax report as filed was not offered in evidence, and whether attention is directed in it, to litigation pending we do not know. It would not profit the defendant to attempt to defraud the State of Illinois of any lawful taxes due it for the benefit of the plaintiffs. In the absence of evidence to the contrary, we presume that when the interest of plaintiffs in the property has finally been fixed, any change in tax reports called for thereby will be made by the defendant. Defendant's action did not result in any loss to the estate, but was in the interest of preserving the estate.[6]

[3] 3 Bogert, Trusts and Trustees, 1935, p. 1830, C. 29, Collection and Preservation, § 581, Duty to Protect Trust Against Attack. In re Estate of Duffill, 1922, 188 Cal. 536, 206 P. 42; Jessup v. Smith, 1918, 223 N.Y. 203, 119 N.E. 403.

[4] In the case of Butler v. Bocock, 160 Ill.App. 501-504, it is said: "We regard the rule in this state as well settled that it is the duty of an executor and also an administrator with will annexed, to de-

fend the will in the first court where it is assailed, and he must defend the will until it is once adjudged that it is invalid."

[5] Peoples Bank of Bloomington v. Trogdon, 276 Ill.App. 373.

[6] See "Defendant's Statement in Response to Plaintiffs' Request for Admission of Facts (No. 3)" as follows: "Said report was filed by defendant after knowledge of the claims of plaintiffs to ownership of real estate which had be-

3. This brings us to the assignment concerning the sale of the collieries asset. "Here, respecting the physical assets of the coal company, the plaintiffs allege that the defendant 'hurriedly and without adequate knowledge or inquiry' undertook and endeavored 'to sell those assets for much less ($725,000) than the value thereof and for much less than the sum (more than $1,000,000) that was shortly thereafter obtained therefor' and that 'that sale would not have been effected had it not been for the insistence of said widow and these plaintiffs that the first attempted sale thereof by said defendant was for too inadequate a sum, and plaintiffs also state that, had it not been for their active intervention in the matter, they and the said widow would thus have been damaged by the defendant to the extent of some $400,000.'" (Brief.)

Early in 1944 the Vice-President of the defendant called a meeting of the widow and her counsel and plaintiffs and their counsel, and at this meeting defendant's representatives imparted the information that to meet tax liabilities, it would be necessary to raise a large sum of money and that they had received an offer of $725,000 for the coal mining properties. Testimony offered by plaintiffs is to the effect that Mr. Shepley, Vice-President of the defendant, urged acceptance of the offer. There is testimony that defendant submitted the offer at the meeting for the consideration of those interested.[7]

No appraisal of the property had been made at that time. No order of the Probate Court had been obtained, nor petitioned for. At the conference, attorneys for the widow suggested an appraisal of the property. This was done, and after negotiations, the property was finally sold for an amount in excess of a million dollars. If this transaction is cause for the removal of defendant as trustee, certainly it is also ground for its removal as executor, for as

such it was acting. So far as this record is concerned, no complaint was ever made against defendant as executor, and not until this case was filed did plaintiffs criticize defendant in this connection. It appears that the property involved had a sales appeal to only two or three prospective purchasers. Defendant maintained at the trial that the offer of $725,000 was a good one, if no other offer had been made. No criticism is offered of the sale as finally made. This Court is unable to bring itself to conclude, as plaintiffs suggest, that the defendant called the conference merely to inform them that a sale was going to be made of the collieries property for $725,000. Such conduct on the defendant's part would have served no purpose. It is not claimed defendant was in a conspiracy with a buyer. If defendant had a selfish interest, as plaintiffs are free to charge, it could only be served by getting the highest price obtainable so as to increase their commission. The only logical conclusion to be drawn from the calling of the conference is that defendant desired to submit the proposition of the sale to the plaintiffs. No sale could have been made without the sanction of the Probate Court of St. Louis County. The surrounding circumstances, as well as the events that transpired subsequent to the conference, confirmed the defendant's claim of the purpose of the conference, in our opinion. Defendant's representatives may have failed to make its purpose plain to all those who were present, but the events do not sustain plaintiff's contention that defendant's conduct was such as to show lack of interest in preserving the estate and lack of ability to handle the estate by "hurriedly and without adequate knowledge or inquiry" undertaking to dispose of assets.

4. The testator left a small interest in personal property and farm land in the State of Indiana. No administration was initiated in Indiana for over one year. Then defendant had the will probated in

longed to Herman J. Sternberg, deceased, in the State of Illinois, and was filed pursuant to the provisions of the laws of the State of Illinois then in effect, and prior to the determination of the issues so raised by plaintiffs, in order to minimize costs and expenses in connection with the determination of in-

heritance taxes due the State of Illinois and to minimize such inheritance taxes and interest as might be payable to the State of Illinois.

[7] See testimony of Otto R. Erker (Trans. p. 27) and Leo Rassieur (Trans. p. 31.)

Indiana. The Indiana statute is similar to the Illinois statute as to the effect upon a will of marriage of the testator after its execution. Defendant received an opinion of counsel in Indiana that under the decisions of that state construing the Indiana statute, the will was void as to the real estate located in the State of Indiana. There is no statute in Indiana making it the duty of an executor to defend a will contest. (See Moll v. Goedeke, 107 Ind. App. 446, 25 N.E.2d 258.) Defendant, in administering on the estate in Indiana, accepted the opinion of Indiana counsel. The interest of the estate in the personal property in Indiana has been looked after by one of the plaintiffs by arrangement with the defendant. The administration has been closed. There is neither showing nor claim that the estate has suffered loss of any character by virtue of the "great delay" in having the Sternberg will probated in Indiana. We see no merit in the plaintiff's complaint on this score.

▮ 5. The next assignment relates to the funds received by the defendant as coal royalties from some of the Illinois land. Prior to plaintiffs' discovering or taking the position that they received title to one-half (and the widow the other half) of the Illinois land as heirs and not by the will, one-half of the royalties received from coal mined from the land had been paid to the defendant. Plaintiffs sought to have the defendant as trustee pay out the royalties as income. The defendant refused to make such disbursement, and this refusal plaintiffs now charge "was arbitrary and dictated by selfish interests of" the defendant. To sustain this charge, plaintiffs offered their Exhibit "F". It consists of correspondence passing between plaintiffs' counsel and the defendant, and opinions of defendant's counsel. We have carefully read Exhibit "F".

By the terms of the Sternberg will, the residuary estate is devised to the trustees, to pay the net income in equal portions to his two sisters and three brothers (plaintiffs herein) during their natural lives, and upon the death of any one of them, his or her share of the income to be applied for the benefit of his or her children equally until they attain the age of twenty-one years, at which time the corpus is to be delivered to such child or children, free of trust. The will gives the trustees power to determine whether any money or property coming into their hands shall be considered part of the principal of the trust estate or income. The Illinois land was mined by the strip process. The operation destroyed the value of the land mined. All parties seem to have agreed, proceeds from wasting investments are principal and not income. At the time plaintiffs were demanding that the royalties be distributed, they did not take the position the royalties were in fact income and subject to distribution under the trust provisions of the will, but it was their position that under the power given to the trustees to determine whether funds should be considered income or principal, defendant should have made the distribution and arbitrarily classified the royalties as income. Defendant has no right arbitrarily to classify as income and distribute funds which were patently principal and not subject to distribution as income under the terms of the will.[8] Defendant is not subject to the censure of the plaintiffs for failure to carry out "the command of its testator". Defendant's conduct was in accordance with the "command" of the testator. Plaintiffs' plan, if successful, would have been contrary to the "commands of the testator".

▮ 6. Plaintiffs object to defendant's refusal to make distribution of dividends received from stock held by the estate

---

[8] See McMillan v. Barnard Free Skin & Cancer Hospital, 1924, 304 Mo. 635, 264 S.W. 410, 415; where the court said in passing on a discretionary power given a trustee, "Why give these mandates (terms of the will), if, after the fund was created * * * the trustees could use their own sweet discretion about" using the fund. Also Plummer v. Brown, 1926, 315 Mo. 627, 287 S.W. 316, 327, "Trusts are always imperative, and while a court of equity will not ordinarily interfere with the discretion of a trustee fairly exercised, yet it will not permit the discretion to be so exercised as to defeat the substantial purposes of the trust."

in the Sternberg Dredging Company, as soon as demand was made by plaintiffs for their payment. In 1944 two dividends were declared, paid and received by defendant as trustee. When the first dividend was declared and paid to the defendant (October 27, 1944), it was paid out to the plaintiffs (on November 10, 1944) as income upon their giving a refunding bond (as provided by statute). When the second dividend was declared and paid, about a month later, the defendant refused to make distribution, whereupon plaintiff filed a proceeding in the Probate Court of St. Louis County under the statute (R.S.Mo.1939, Sec. 236, Mo.R.S.A.) to "compel" the distribution of the dividend. This proceeding was filed on the 14th day of December, and before it could be heard on the 22d of December, defendant notified the plaintiffs that if they would supply a bond, distribution would be made. The bond was supplied and distribution made. No loss has been sustained by the plaintiffs. The incident does not constitute grounds for removal.

■■■ 7. Plaintiffs close their list of complaints with the charge that defendant's failure to inventory furniture and household effects was improper. A short answer to this assignment could be that there was no evidence offered that the testator owned any household goods at the time of his death. As a motive for defendant's failure to inventory furniture, plaintiffs now charge defendant was "angling for the widow's business." Plaintiff claims the deceased had invested $26,000 in furniture and household effects. The record does not show how much money was invested in furniture and household effects, nor when the furniture and household effects were purchased. On the death of the testator, the widow claimed the household effects as her property and supplied the defendant with an "affidavit" to sustain her claim. The affidavit was not even before the Court. The affidavit was accepted by the defendant as showing a gift of the household goods by the deceased to his wife during his lifetime. There is now a proceeding pending in the Probate Court of St. Louis County by the plaintiffs to compel the defendant, as executor, to inventory the furniture and household effects. It is doubtful if this Court has any jurisdiction to determine ownership. There is a total failure of proof that defendant's action in accepting the "widow's" affidavit as proof of ownership of household goods shows want of capacity or fidelity on the part of the defendant, putting assets of the estate in jeopardy.[9]

8. There is, as claimed by plaintiffs, without doubt at this time some disagreement between the Sternberg heirs, plaintiffs in this case, and the defendant. We are unable to conclude there is any hostility between the co-trustees. The main bone of contention existing at this time is between the plaintiffs as heirs at law of Herman J. Sternberg and defendant as executor, over contentions made by the plaintiffs, including plaintiff co-trustee, to obtain distribution to them as heirs at law, and defendant mainly as executor, and in one or two cases as co-trustee, resisting such distribution and defending the will. And the major portion of the actions referred to by plaintiffs as showing that defendant is "acting as trustee" independent of its co-trustee, are actions which defendant has taken as the sole executor named in the will, and not as trustee. When the status of the estate is fixed, including the trust estate, and there no longer exists a basis for conflict between co-trustee as heir and as a trustee, disagreements and conflicting claims will doubtless cease to exist and disrupt the even tenor that should prevail in the management of the estate.

Reading the record of this estate since the death of the testator, the conclusion suggests itself that the testator provided for a joint trustee for the trust estate, and one whose interest was not in conflict with that of an heir-distributee, with the thought

[9] See Mississippi Valley Trust Company v. Buder, 8 Cir., 47 F.2d loc.cit. 509, where the Court observed: "The duty of a trustee to act with impartiality toward the several cestuis que trustent must be conceded, but the law permits a reasonable and practicable course of conduct and does not set an impossible or extreme standard. * * * his endeavors to reach conclusions as to the several legal rights, without the aid of litigation for that purpose, are not necessarily to be condemned."

in mind that a trustee without a claim as an heir would be desirable to preserve the trust and to serve the purpose for which it was created. Aside from the charge based upon failure to inventory the household effects, not one of the complaints made by the plaintiffs suggests the possibility of loss of assets of the trust if defendant is not removed. Plaintiffs' proof fails to sustain their charges against defendant or establish legal grounds for its removal as trustee.

For the reasons above set forth plaintiffs' prayer for interest, and other sums of money, against defendant individually, such as attorneys fees and income taxes, will be denied.